# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____
                                          )
AMERICAN STEEL ERECTORS, INC., et al.     )
                                          )
          Plaintiffs,                     )
                                          )
          v.                              )    Case No. 1:04-cv-12536-RGS
                                          )
LOCAL UNION NO. 7, INTERNATIONAL          )
ASSOCIATION OF BRIDGE,                    )
STRUCTURAL, ORNAMENTAL &                  )
REINFORCING IRON WORKERS, and             )
                                          )
CHARLES WRIGHT, and                       )
                                          )
STEEL ERECTION AND ORNAMENTAL             )
IRON INDUSTRY ADVANCEMENT FUND,           )
                                          )
          Defendants.                     )
_____)

## UNION DEFENDANTS' AMENDED OPPOSITION
## TO MOTION FOR ADMISSION PRO HAC VICE

## I.    INTRODUCTION

This is an action brought by non-union contractors in the steel erection industry against a union that represents ironworkers in that industry. The suit challenges the efforts of unionized workers to assist their employers in winning bids on contracts. American Steel Erectors ("ASE") and the other plaintiffs compete (in part) by paying employees less than union contractors, thus creating cost advantages for Plaintiffs. The unionized workers, members of Iron Workers Local 7 ("Local 7" or the "Union") have decided to use some of their dues money to "level the playing field" regarding wages and benefits for employers who are signatory to collective bargaining agreements with Local

7 and who are bidding on jobs.  The Plaintiffs say that this action violates the Davis

Bacon Act and the antitrust laws.  The Union says that these use of the targeting funds is

a permissible tool of the free market, and that this activity is protected by the National

Labor Relations Act, as amended, 29 U.S.C. §101 *et seq.* and the labor exemptions to the

anti-trust laws.

The merits of this case will be decided another day.  The matter now comes

before the Court on Attorney Avakian's Motion for Admission Pro Hac Vice.  Normally,

this Motion would be routinely granted.  In this case, however, the Motion should be

denied due to Smetana & Avakian's representation of clients with adverse interests in this

and other pending litigation.

## II.    FACTUAL BACKGROUND

Smetana and Avakian (hereafter "Attorney Avakian") represent Ronald

Beauregard, d/b/a Independent Welding ("IW"), Plaintiffs in this matter (the "Antitrust

Case").   The Complaint names Construction Welding Services Corp. as an unnamed co-

conspirator in the Antitrust Case by virtue of its receipt of target fund monies as a

signatory contractor. Complaint, ¶ 16, 33.

Attorney Avakian simultaneously represents Ronald Beauregard, his wife Susan

Beauregard, CWS, B&B Welding, Inc. (a union company of which Ronald Beauregard is

President), and IW as defendants in the matter of Trustees of the Ironworkers District

Council of New England Pension, Health and Welfare Annuity, Vacation and Education

Funds *et al* v. CWS Construction *et al*, No. 1:03-cv-11815- NG (the "Collection

Action"), a matter currently pending before Judge Gertner.  This is a case brought by the

Trustees of the various Iron Workers Locals benefit funds seeking payment of delinquent

contributions pursuant to the Employee Retirement Income Security Act, as amended, 29 USC ξ1001 *et seq.*

Of material importance in this action is that Attorney Avakian also represents Construction Welding Service Corp.("CWS"), B&B Welding, Inc., and Ronald Beauregard's wife Susan in the Collection Action. See Collection Action Civil Docket and Complaint, attached as Exhibits A and B. CWS and B&B are Local 7 signatory contractors obligated to contribute to the Local 7 health, welfare and pension funds. CWS, B&B, IW, and the Beauregards all share a common address. <u>See</u> Antitrust Complaint, ¶ 16; Collection Action, Complaint ¶ 4-7 and Answer ¶ 4-7. B&B Welding, Inc., is owned and operated by Ronald Beauregard has stated in writing that it is the alter ego of CWS. <u>See</u> Exhibit D.[1] In the Collection Action, the Trustees aver that IW and the Beauregards are the non-union alter egos of CWS, and that Beauregard has operated IW in an effort to evade his obligation to contribute under the B&B Welding, Inc. and CWS collective bargaining agreements with Local 7. In this, the Antitrust Action, the Plaintiffs claim that CWS is a co-conspirator that has benefited, to Plaintiffs' detriment, from the receipt of job target money. Complaint ¶ 99.

## III.   THE ETHICAL DILEMMA

This multiple representation is fraught with actual and potential conflicts under both the Massachusetts and the ABA Model Rules of Professional Conduct, Rule 1.7. Among the conundrums posed by this configuration of parties and claims are:

- If Attorney Avakian is successful in proving unlawful anti-competitive activity between the Union and the employer co-conspirators (including his own clients B&B Welding, Inc. and CWS), the result would be to curtail the job targeting program. This will hurt B&B and CWS by limiting future access to targeting

---

[1]  The Union Defendants understand that the fact of this letter is uncontested. If verification is necessary, and affidavit will be supplied.

funds.  To the extent that Ronald Beauregard d/b/a IW and Beauregard are proven to be alter egos, they too will be harmed by Attorney Avakian's successful advocacy in this case.

- The antitrust suit seeks trusteeship of the targeting fund and distribution of the fund to the non-union contractors.  This will harm B&B and CWS (and its alter egos).

- If Plaintiffs prevail in the antitrust matter then B&B and CWS will be in violation of the antitrust laws for their dealings with Local 7.  This would expose CWS and B&B to potential liability in suits later brought by other injured parties.

- To the extent that an attorney were concerned about CWS' exposure for several years of past events, the attorney's obligation to CWS would be to downplay CWS' role, whether or not the facts pertaining to CWS' bidding might really be among the more compelling.  Is there not a natural disinclination to pursue claims based on CWS alleged wrongdoing less zealously than those of others?

- The interests of CWS are therefore directly adverse to all of the other Plaintiffs, but most particularly American Steel Erectors and the other non affiliated Plaintiffs.

- If  IW and Beauregard are alter egos of CWS, then they are also adverse to the other Plaintiffs in the Antitrust Action.

- For the same reasons, success in proving an anticompetitive conspiracy may expose Beauregard and IW to liability.

- The Complaint in this action contains specific allegations regarding CWS ability to bid jobs and obtain target money.  Are these client confidences revealed either in the course of the other representation, or revealed by Beauregard, doing business as IW in this suit?

## IV. DISCUSSION

### A. THE UNION DEFENDANTS HAVE STANDING TO BRING THIS MOTION

A motion to grant or deny a motion pro hac vice is committed to the sound discretion of the district court. "The district court has the duty and responsibility of supervising the conduct of attorneys who appear before it." Kevlik v. Goldstein, 724 F.2d 844, 847 (1st Cir. 1984). For this reason a litigant has standing to raise the issue of disqualification of counsel. An attorney "is not only authorized but is in fact obligated to bring [an ethical] problem to [the] court's attention". Id., quoting In re Gopman, 531 F.2d 262, 265 (5th Cir. 1976).

### B. SMETANA AND AVAKIAN SHOULD BE DISQUALIFIED BECAUSE IT CAN NOT REPRESENT ALL PARTIES IN BOTH CASES AND SIMULTANEOUSLY DISCHARGE HIS DUTY OF COMPLETE LOYALTY TO ALL OF HIS CLIENTS.

An attorney who meets all the requirements for admission to the bar may be denied admission *pro hac vice* due to conflicts presented by representation of clients with differing interests. Panzardi-Alvarez v. U.S., 879 F.2d 975, 980 (1st Cir. 1989). Failure to disclose the conflict may result in disqualification. Id. An actual conflict will also result in disqualification, even where there has been disclosure. In re Egbert, 184 F.R.D. 26 (D.R.I. 1999). Here there is both a failure to disclose the conflict to the court and an actual conflict. Attorney Avakian is representing B&B and CWS in one case, and naming CWS (and therefore its alter ego B&B) as an unindicted coconspirator in another.

The Local Rules of the United States District Court for the District of Massachusetts governing the professional responsibilities of out of state counsel incorporate by reference the Rules of the Supreme Judicial Court, though ultimately the

interpretation of the Local Rules is a matter of federal law.  <u>See</u> Local Rule 83.6 (4)

(A)&(B); <u>U.S. v. Klublock</u>, 832 F.2d 649 (1st. Cir. 1987)(discussing both Massachusetts

and ABA Rules).

The Rules of Professional Conduct of the Massachusetts Supreme Judicial Court

the contain the following prohibitions regarding conflict of interest:

Rule 1.7  Conflict of Interest

A lawyer shall not represent a client if the representation of that client will
be directly adverse to another client, unless:

(1) the lawyer reasonably believes the representation will not adversely
affect the relationship with the other client; and

(2) each client consents after consultation.

*(b) A lawyer shall not represent a client if the representation of that
client may be materially limited by the lawyer's responsibilities to another client
or to a third person, or by the lawyer's own interests, unless:*

*(1) the lawyer reasonably believes the representation will not be
adversely affected; and*

*(2) the client consents after consultation. When representation of multiple
clients in a single matter is undertaken, the consultation shall include explanation
of the implications of the common representation and the advantages and risks
involved.*

Rules of the Supreme Judicial Court of Massachusetts, sec. 3.07, Rule 1.7.

(emphasis added).

Interestingly, the ABA Model Rules of Professional Responsibility contain the

following provisions regarding conflict of interest, provisions which directly address the

case at bar.

Rule 1.7  Conflict of Interest:

(a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:

> (1) the representation of one client will be directly adverse to another client; or

> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer.

(b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:

> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;

> (2) the representation is not prohibited by law;

> *(3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and*

> (4) each affected client gives informed consent, confirmed in writing.

Model Rules of Professional Conduct of the American Bar Association, Rule 1.7.

http://www.abanet.org/abanet/common/print/printview.cfm?Ref=http://www.abanet.org/c

pr/mrpc/rule_1_7.html.  (emphasis added).[2]

---

[2]  The Reporters notes to the Massachusetts Rules state that they are identical to the ABA Rule.  The ABA Rule has apparently since been modified, though it is unclear from its website when this modification took place.

Under subsection (b)(3) of the current ABA Rule, the conflict is not waivable, because the representation does "involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal". The ABA Rule makes explicit what is implicit in the language of subsection (b) of the Massachusetts Rule, and provides sound guidance in this situation. An attorney can not represent parties on both sides of an active case or cases. For this reason alone the Motion for Admission must be denied

Before the adoption of the current rules, the state and federal courts reached the same result by application of the more general rules of waiver and conflict under what was then DR 5-105.[3] At a minimum, an attorney with a conflict had first to obtain a waiver from each of his clients. If any one of the clients objected, disqualification was required. See The McCourt Company v. FPC Properties, 386 Mass. 145 (1982). See also

---

[3] Predecessor Massachusetts Rule of Professional Responsibility, Rule 5-105, provided as follows:

Refusing to Accept or Continue Employment if the Interests of Another Client May Impair the Independent Professional Judgment of the Lawyer:

(A) A lawyer shall decline proffered employment if the exercise of his independent professional judgment in behalf of a client will be or is likely to be adversely affected by the acceptance of the proffered employment, or if it would be likely to involve him in representing differing interests, except to the extent permitted under DR 5-105(C).

(B) A lawyer shall not continue multiple employment if the exercise of his independent professional judgment in behalf of a client will or is likely to be adversely affected by his representation of another client, or if it would be likely to involve him in representing differing interests, except to the extent permitted under DR 5-105(C).

(C) In the situations covered by DR 5-105(A) and (B), a lawyer may represent multiple clients if it is obvious that he can adequately represent the interest of each and if each consents to the representation after full disclosure of the possible effect of such representation on the exercise of his independent professional judgment on behalf of each.

(D) If a lawyer is required to decline employment or to withdraw from employment under a Disciplinary Rule, no partner or associate or any other lawyer associated with him or his firm may accept or continue such employment ….

359 Mass. at 816.

Estates Theatres, Inc. v. Columbia Pictures, Inc., 345 F.Supp. 93 (S.D.N.Y. 1972)

(attorney could not represent plaintiffs and unindicted coconspirator in antitrust action

over objection of coconspirator.)  Here, Attorney Avakian has made no showing that he

has informed his various clients and obtained informed consent, contrary to the current

Massachusetts and ABA Rule 1.7.  This is additional grounds for the denial of the

Motion.  See Chateau Deville Productions v. Tams-Witmark Music Library, Inc., 474

F.Supp. 223. (S.D. N.Y. 1979).

 Even if assent were procured, the result would be no different.  The current

Massachusetts and ABA Rules prohibit of representation of parties who have directly

adverse interests.  The soundness of the current prohibition is best exemplified by the

reasoning in Chateau DeVille Productions, supra.  There an attorney attempted to

represent both plaintiffs and an unindicted coconspirator in an antitrust action.  He

claimed to have the assent of all.  "The issue …is whether counsel for plaintiffs and a

potential class may simultaneously represent one of defendant's coconspirators in an

antitrust action which seeks to nullify contracts between the coconspirators."  Chateau

Deville Productions v. Tams-Witmark Music Library, Inc., supra at  227.  The court

concluded that "[p]ermitting plaintiffs' counsel to proceed in this manner would expose

them to competing influences and loyalties" and that even in the absence of a substantial

conflict in the present moment, it was not possible to predict what conflicts might arise.

Id at 226.  See also Estates Theatres Inc. v. Columbia Pictures Industries, Inc., supra at 98

(lawyer in antitrust suit could not represent plaintiff and unindicted coconspirator because

he should not put himself in a position to even "unconsciously …. 'soft pedal' his zeal.");

Molina v. The Mallah Org., Inc. 804 F.Supp. 504 (S.D. N.Y. 1992)(counsel  precluded

from representing the Union, Funds, and individual employees simultaneously where employees brought ERISA suit alleging that employers had interfered with their participation in ERISA plans).

Here Attorney Avakian has brought an antitrust action, a suit in which the plaintiffs stand in the position of a private attorney general, requesting enforcement of a federal statute as a matter of public policy. In this type of action, the need for true loyalty to the client and a clear and unfettered approach to the case is particularly important. Attorney Avakian is representing several plaintiffs, some of whom have no affiliation with Beauregard, IW B&B and CWS. He seeks broad equitable relief that would affect the all non-union contractors to the detriment all union contractors, including his own client CWS and B&B. His legal theory is based upon nullifying a practice that is part and parcel of Local 7's assistance to the Union contractors, of which his client is one. However, his duty to ASE and the other plaintiffs who are not actual or arguable alter egos of CWS is to ignore CWS' interests. This a loyal lawyer can not do. "[D]isqualification will be required unless the attorney can show 'that there will be no actual or apparent conflict in the loyalties or diminution in the vigor of his representation'". Id. at 513, quoting Chateau Deville, supra, quoting Cinema 5 Ltd. v. Cinerama, 528 F.2d 1384, 1387 (2d Cir. 1976). Attorney Avakian can not demonstrate that there will be no actual or apparent conflict in loyalties.

Finally, if the attorney is using privileged information from one client against another, the conflict is apparent. DR 1.6; Masiello v. Perini Corp. 394 Mass. 842 (1985). The Complaint contains allegations regarding CWS receipt of target monies. It is not clear (and the Union defendants have not and can not inquire) whether there were

communications between CWS, B&B and the plaintiffs in this case concerning the case. However, should the court be inclined to consider Attorney Avakian's continued representation in this matter, the issue of disclosure of client confidences would require consideration. See In re Egbert, supra.

## V.    CONCLUSION

The Union Defendants respectfully request that the Court deny the Motion for Admission *Pro Hac Vice*.

/s/ Paul F. Kelly
Paul F.Kelly (BBO #267000)
Mary T. Sullivan (BBO #487130)
SEGAL, ROITMAN & COLEMAN
11 Beacon Street
Boston, MA 02108
(617) 742-0208

Mickey Long (BBO #634388)
193 Old Colony Avenue
Box E-1
South Boston, MA 02127
(617) 269-0229
ATTORNEYS FOR UNION
DEFENDANTS

Dated: January 11, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the opposition to Motion Pro Hac Vice was served upon Michael E. Avakian, Esq., Smetana & Avakian, 5211 Port Royal Road, Suite 103, Springfield, VA  22151; Carol Chandler, Esq. and Geoffrey R. Bok, Stoneham, Chandler & Miller LLP, 99 High Street, Boston, MA 02110 and Mickey Long, Esq., Ironworkers Local 7, 193 Old Colony Avenue, South Boston, MA 02127 via first class mail, postage prepaid, this 11th day of January, 2005.

/s/ Mary T. Sullivan
Mary T. Sullivan

# EXHIBIT A

# United States District Court
## District of Massachusetts (Boston)
## CIVIL DOCKET FOR CASE #: 1:03-cv-11815-NG

Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds v. CWS Construction et al
Assigned to: Nancy Gertner
Cause: 29:1149 Recover Pension & Profit Sharing

Date Filed: 09/19/2003
Jury Demand: None
Nature of Suit: 791 Labor: E.R.I.S.A.
Jurisdiction: Federal Question

**Plaintiff**
----------------------

**Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds**

represented by **Carrie L. Berenson**
Law Office of Mickey Long
193 Old Colony Avenue
P.O. Box E-1
Boston, MA 02127
617-269-0229
Fax: 617-269-0567
Email: Carrieb@gis.net
*TERMINATED: 08/25/2004*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mickey Long**
Law Offices of Mickey Long
193 Old Colony Ave
Boston, MA 02127
617-269-0229
Fax: 617-269-0567
Email: mickeylong@gis.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**
----------------------

**CWS Construction**

represented by **James P. Ehrhard**

Kressler & Associates
11 Pleasant Street
Worcester, MA 01106
508-791-8411
Fax: n/a
Email: jamese@conversent.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E. Avakian**
Smetana & Avakian
Suite 103
5211 Port Royal Road
Springfield, VA 22151
703-321-9181
Fax: 703-321-9325
Email: mavakian@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven A. Kressler**
Kressler & Kressler
Suite 200
11 Pleasant St.
Worcester, MA 01609
508-791-8411
Fax: 508-752-6168
Email: stevenkressler@hotmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick Beauregard**                     represented by  **James P. Ehrhard**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael E. Avakian**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven A. Kressler**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| **Susan Beauregard** | represented by | **James P. Ehrhard**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Michael E. Avakian**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **Independent Welding Services** | represented by | **James P. Ehrhard**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Michael E. Avakian**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Steven A. Kressler**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| **B & B Welding Inc.** | represented by | **Michael E. Avakian**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **James P. Ehrhard**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

| Date Filed | # | Docket Text |
|---|---|---|
| 11/12/2004 | 33 | ANSWER to Amended Complaint *of Plaintiffs* by B & B Welding Inc., Patrick Beauregard, Susan Beauregard, CWS Construction, Independent Welding Services.(Ehrhard, James) (Entered: 11/12/2004) |
| 10/26/2004 | | Notice of correction to docket made by Court staff. Correction |

| | | to Document #31. Document is a proposed Second Amended Complaint, not a motion. This document should have been attached as an Exhibit to Document #30. Please contact the clerk in the future to add exhibits to documents already on the docket. (Filo, Jennifer) (Entered: 10/26/2004) |
|---|---|---|
| 10/25/2004 | 32 | AMENDED COMPLAINT *Plaintiff's 2nd Amended Complaint* against all defendants, filed by Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds.(Long, Mickey) (Entered: 10/25/2004) |
| 10/24/2004 | | Judge Nancy Gertner : ELECTRONIC ORDER entered granting 30 Motion to Consolidate Cases, granting 31 Motion to Amend, there being agreement amongst the parties in this case. (Gertner, Nancy) (Entered: 10/24/2004) |
| 10/21/2004 | 31 | PROPOSED Second Amended Complaint (Exhibit A to document #30) (Long, Mickey) Modified on 10/26/2004 to correct docket text...this document should not be electronically filed as a document should have been filed as an exhibit to document #30, Motion to Amend (Filo, Jennifer). (Entered: 10/21/2004) |
| 10/19/2004 | | Filing fee: $ 50.00, receipt number 59422 regarding Document #28 Motion to Appear Pro Hac Vice (Filo, Jennifer) (Entered: 11/03/2004) |
| 10/19/2004 | 30 | First MOTION to Consolidate Cases *arbitration case with case pending in this court* by Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds.(Long, Mickey) (Entered: 10/19/2004) |
| 10/15/2004 | | Judge Nancy Gertner : Electronic ORDER entered granting 28 Unopposed Motion for Leave to Appear Pro Hac Vice Added Michael E. Avakian for Susan Beauregard; CWS Construction; Independent Welding Services; B & B Welding Inc. and Patrick Beauregard (Filo, Jennifer) (Entered: 10/15/2004) |
| 10/12/2004 | 29 | CERTIFICATE OF SERVICE by B & B Welding Inc., |

| | | Patrick Beauregard, Susan Beauregard, CWS Construction, Independent Welding Services re 28 Assented to MOTION for Leave to Appear Pro Hac Vice by Michael E. Avakian. (Ehrhard, James) (Entered: 10/12/2004) |
|---|---|---|
| 10/12/2004 | 28 | Assented to MOTION for Leave to Appear Pro Hac Vice by Michael E. Avakian by B & B Welding Inc., Patrick Beauregard, Susan Beauregard, CWS Construction, Independent Welding Services.(Ehrhard, James) (Entered: 10/12/2004) |
| 08/25/2004 | | *** Attorney Carrie L. Berenson terminated. (Filo, Jennifer) (Entered: 08/25/2004) |
| 08/25/2004 | | Judge Nancy Gertner : Electronic ORDER entered granting 27 Motion to Withdraw as Attorney. (Filo, Jennifer) (Entered: 08/25/2004) |
| 08/24/2004 | 27 | Assented to MOTION to Withdraw as Attorney *Carrie Berenson* by Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds.(Long, Mickey) (Entered: 08/24/2004) |
| 07/30/2004 | 26 | ANSWER to Amended Complaint by B & B Welding Inc., Patrick Beauregard, CWS Construction, Independent Welding Services.(Filo, Jennifer) (Entered: 07/30/2004) |
| 07/14/2004 | 25 | STIPULATION by Patrick Beauregard, Susan Beauregard, CWS Construction, Independent Welding Services, Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds. (Filo, Jennifer) (Entered: 07/27/2004) |
| 07/14/2004 | 24 | Document disclosure by Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds.(Long, Mickey) (Entered: 07/14/2004) |
| 07/02/2004 | 23 | AMENDED COMPLAINT by Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds. |

| | | |
|---|---|---|
| | | Amendment to <u>1</u> Complaint, *Plaintiffs' 1st Amended Complaint.* (Long, Mickey) (Entered: 07/02/2004) |
| 07/01/2004 | | Judge Nancy Gertner : Electronic ORDER entered granting <u>21</u> Motion to Withdraw <u>14</u> MOTION for Contempt (Filo, Jennifer) (Entered: 07/01/2004) |
| 06/30/2004 | <u>21</u> | Joint MOTION to Withdraw <u>14</u> MOTION for Contempt *filed* by Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds.(Long, Mickey) (Entered: 06/30/2004) |
| 06/29/2004 | <u>22</u> | Opposition re <u>18</u> MOTION to Amend Caption filed by Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds. (Filo, Jennifer) (Entered: 07/01/2004) |
| 06/29/2004 | | Judge Nancy Gertner : ELECTRONIC ORDER entered denying <u>18</u> Motion to Amend the Caption of the Case. The motion is entirely frivolous; there is no need for plaintiff's to reply. The Caption of the case has absolutely no legal effect, and no impact on this case. Counsel should refrain from filing such motions in the future -- motions without basis, without effect-- or risk sanctions from this Court. Clients and the court are better served by focusing on the real issues in the case rather than frivolous ones. (Gertner, Nancy) (Entered: 06/29/2004) |
| 06/29/2004 | | Judge Nancy Gertner : ELECTRONIC ORDER entered granting <u>15</u> Motion to Amend Complaint. (Gertner, Nancy) (Entered: 06/29/2004) |
| 06/29/2004 | | Judge Nancy Gertner : Electronic ORDER entered granting <u>16</u> Assented to Motion for Leave to Appear Pro Hac Vice Added Carrie Berenson for Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds (Filo, Jennifer) (Entered: 06/29/2004) |
| 06/28/2004 | <u>20</u> | REPLY to Response to Motion re <u>15</u> MOTION to Amend <u>1</u> Complaint, filed by Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, |

| | | |
|---|---|---|
| | | Annuity, Vacation, and Education Funds. (Filo, Jennifer) (Entered: 06/29/2004) |
| 06/28/2004 | <u>17</u> | First REPLY to Response to Motion re <u>15</u> MOTION to Amend <u>1</u> Complaint, filed by Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds. (Attachments: # <u>1</u> Reply to Opp of Def to Plntf's Motion to Amend Cmplt)(Long, Mickey) (Entered: 06/28/2004) |
| 06/28/2004 | | Filing fee: $ 50.00, receipt number 56911 regarding Document #16 (Filo, Jennifer) (Entered: 06/28/2004) |
| 06/24/2004 | <u>19</u> | Opposition re <u>15</u> MOTION to Amend <u>1</u> Complaint, filed by Patrick Beauregard, Susan Beauregard, CWS Construction, Independent Welding Services. (Filo, Jennifer) (Entered: 06/29/2004) |
| 06/24/2004 | <u>18</u> | MOTION to Amend Caption by Patrick Beauregard, Susan Beauregard, CWS Construction, Independent Welding Services.(Filo, Jennifer) (Entered: 06/29/2004) |
| 06/23/2004 | <u>16</u> | ASSENTED TO MOTION for Leave to Appear Pro Hac Vice by Carrie Berenson by Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds.(Filo, Jennifer) (Entered: 06/28/2004) |
| 06/20/2004 | | Judge Nancy Gertner : ELECTRONIC ORDER entered finding as moot <u>10</u> Motion to Compel, finding as moot <u>11</u> Motion to Compel, finding as moot <u>13</u> Motion for Sanctions. (Gertner, Nancy) (Entered: 06/20/2004) |
| 06/20/2004 | | Judge Nancy Gertner : ORDER entered ORDER TO SHOW CAUSE Show Cause Hearing set for 7/1/2004 01:00 PM in Courtroom 2 before Judge Nancy Gertner. Mr. Martineau, the subject of docket #14 -- Motion for Contempt-- is ordered to appear in court on July 1, 2004, to show cause why he should not be held in contempt for failing to attend a deposition to which he was summoned by subpoena. If Mr. Martineau is in fact a supervisory employee of the defendant, counsel should be prepared to address why Mr. Martineau is not an agent of |

| | | |
|---|---|---|
| | | the defendant, why his failure to appear should not be considered the defendant's failure to appear, and therefore, why sanctions should not also lie against CWS Construction et al. If Mr. Martineau is not an employee of the defendant, counsel should be prepared to address what sanctions under rule 37 Fed. R. Civ. Pro., including the sanction of contempt, should lie against him. Counsel for the plaintiff shall serve this notice on Mr. Martineau via registered mail. (Gertner, Nancy) (Entered: 06/20/2004) |
| 06/20/2004 | | Judge Nancy Gertner : ELECTRONIC ORDER entered taking under advisement 14 Motion for Contempt until the deponent has an opportunity to respond to the Order to Show Cause, which has been issued, ordering Mr. Martineau to appear in court on July 1 at 1 p.m. to answer to plaintiff's motion for contempt. (See Order to Show Cause.) (Gertner, Nancy) (Entered: 06/20/2004) |
| 06/15/2004 | | Electronic Clerk's Notes for proceedings held before Judge Nancy Gertner : status conference held; depo's to begin next week; parties have agreed to schedule; discovery closes 10/29/04; plf shall make a list of all documents that he does not have and dft shall respond by letter. Any changes in deposition schedule, plf must let defendant know in advance. Mtn for Sanctions-Denied; Mtn for atty's fees-Denied; Dft shall file dispositive mtns 12/29/04; plt response 1/12/05; Dispositive mtn hrg and or jury waived trial set for 2/14/05 at 2:30pm.. Hearing set for 2/14/2005 02:30 PM in Courtroom 2 before Nancy Gertner. (Court Reporter none.) (Molloy, Maryellen) (Entered: 06/17/2004) |
| 06/14/2004 | 15 | MOTION to Amend 1 Complaint, by Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds.(Filo, Jennifer) (Entered: 06/17/2004) |
| 06/08/2004 | | ELECTRONIC NOTICE OF RESCHEDULING STATUS CONFERENCE: Status Conference reset from 6/7/04 to 6/15/2004 10:30 AM in Courtroom 2 before Nancy Gertner. (Molloy, Maryellen) (Entered: 06/08/2004) |
| 06/04/2004 | 14 | MOTION for Contempt on This Court Finding Against Mr. |

| | | |
|---|---|---|
| | | Andrew Martinueau For His Failure to Appear at a Deposition & An Order that he Comply to the Original Subpoena by Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds.(Filo, Jennifer) (Entered: 06/17/2004) |
| 06/04/2004 | <u>13</u> | Defendants' Opposition to Plaintiff's Motion to Compel Defendants to Answer Plaintiffs' First Set of Interrogatories and the Plaintiff's Motion to Compel Defendants to Answer Plaintiffs' First Request for the Production of Documents and MOTION for Sanctions by Patrick Beauregard, Susan Beauregard, CWS Construction, Independent Welding Services.(Filo, Jennifer) (Entered: 06/14/2004) |
| 05/27/2004 | <u>12</u> | Supplement to Initial Document disclosure by Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds. (Filo, Jennifer) (Entered: 06/01/2004) |
| 05/21/2004 | <u>11</u> | MOTION to Compel Defendants to Answer Plaintiffs' First Set of Interrogatories by Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds.(Filo, Jennifer) (Entered: 05/24/2004) |
| 05/21/2004 | <u>10</u> | MOTION to Compel Defendants to Answer Plaintiffs' First Request for the Production of documents by Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds. (Filo, Jennifer) (Entered: 05/24/2004) |
| 04/13/2004 | | Set Deadlines/Hearings: Status Conference RESET TO 6/7/2004 02:00 PM in Courtroom 2 before Nancy Gertner. (Molloy, Maryellen) (Entered: 04/13/2004) |
| 02/11/2004 | <u>9</u> | NOTICE of Appearance by James P. Ehrhard on behalf of Patrick Beauregard, Susan Beauregard, CWS Construction, Independent Welding Services c/s (Filo, Jennifer) (Entered: 02/17/2004) |
| 01/28/2004 | | Electronic Clerk's Notes for proceedings held before Judge Nancy Gertner : ERISA case (veil piercing issues)16.b held; |

| | | |
|---|---|---|
| | | Proposed pretrial schedule adopted, some revisions: discovery closes 9/31/04; mtn to change venue 3/20/04; Rule 26(b) 4/5/04; discovery related mtns 8/31/04; mtn w/supp memo 11/29/04, see dkt #8 for details. Status Conference set for 3/23/2004 02:30 PM in Courtroom 2 before Nancy Gertner. (Court Reporter none.) (Molloy, Maryellen) (Entered: 01/31/2004) |
| 01/13/2004 | 8 | Proposed Pretrial Schedule submitted by Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds received for filing. (Filo, Jennifer) (Entered: 01/15/2004) |
| 12/15/2003 | 7 | CERTIFICATE OF CONSULTATION by Mickey Long on behalf of Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds by on behalf of Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds.c/s(Filo, Jennifer) (Entered: 12/16/2003) |
| 12/15/2003 | 6 | Initial disclosures by Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds.c/s(Filo, Jennifer) (Entered: 12/16/2003) |
| 11/26/2003 | 5 | ELECTRONIC NOTICE of Scheduling Conference: Scheduling Conference set for 1/29/2004 02:45 PM in Courtroom 2 before Nancy Gertner, see notice attached. (Molloy, Maryellen) (Entered: 11/26/2003) |
| 10/20/2003 | 4 | SUGGESTION OF BANKRUPTCY Upon the Record as to Susan Bearegard by Susan Beauregard, c/s. (Jones, Sherry) (Entered: 10/20/2003) |
| 10/20/2003 | 3 | ANSWER to Complaint by Patrick Beauregard, CWS Construction, Independent Welding Services, c/s.(Jones, Sherry) (Entered: 10/20/2003) |
| 10/14/2003 | 2 | SUMMONS Returned Executed Patrick Beauregard served on 9/30/2003, answer due 10/20/2003; Susan Beauregard served on 9/30/2003, answer due 10/20/2003. (Filo, Jennifer) |

| | | |
|---|---|---|
| | | (Entered: 10/17/2003) |
| 09/19/2003 | | Summons Issued as to Patrick Beauregard, Susan Beauregard, CWS Construction. (Filo, Jennifer) (Entered: 09/24/2003) |
| 09/19/2003 | | If the trial Judge issues an Order of Reference of any matter in this case to a Magistrate Judge, the matter will be transmitted to Magistrate Judge Cohen. (Filo, Jennifer) (Entered: 09/24/2003) |
| 09/19/2003 | 1 | COMPLAINT against Patrick Beauregard, Susan Beauregard, CWS Construction Filing fee: $ 150, receipt number 50431, filed by Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds.(Filo, Jennifer) (Entered: 09/24/2003) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/20/2004 10:49:31 | | |
| **PACER Login:** | sr0609 | **Client Code:** | ironworker |
| **Description:** | Docket Report | **Search Criteria:** | 1:03-cv-11815-NG |
| **Billable Pages:** | 5 | **Cost:** | 0.35 |

# EXHIBIT B

UNITED STATES DISTRICT COURT
For the DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation, and Education Funds, and Locals 7, 37, and 57 of the International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers, AFL-CIO, Plaintiffs, v. CWS Construction, Patrick Beauregard, Susan Beauregard, and their alter-egos Independent Welding Services, and B&B Welding, Inc., Defendants. | ) ) ) ) ) ) ) ) ) ) ) Civil Action No.03-11815-NG ) ) ) ) ) ) ) ) ) ) |

## PLAINTIFF'S 2ND AMENDED COMPLAINT

### INTRODUCTION

1. This is an action under the Employee Retirement Income Security Act ("ERISA"), particularly 29 U.S.C. §1132 (a),(d),(f) and (g), and other actions, to recover delinquent contributions owed by the defendant to trust funds administered by the plaintiffs, Trustees of the Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation and Education Funds ("Trustees").

### JURISDICTION

2. Subject Matter jurisdiction is provided by the Labor Management Relations Act ("LMRA"), 29 U.S.C., §185 *et seq;* the ERISA, 29 U.S.C., §§502, 515, and 1132, *et seq*; and 29 U.S.C., §§1331 and 1337.

1

## PARTIES

3. The Trustees administer trust funds from their office located at 193 Old Colony Ave. in Dorchester, Massachusetts, County of Suffolk.

4. CWS is upon information and belief, a corporation duly organized in Massachusetts with a principle place of business located at 279 Redemption Rock Trail, Sterling, MA.

5. Patrick Beauregard is an individual who resides at 279 Redemption Rock Trail located in Sterling, MA.

6. Susan Beauregard is an individual who resides at 279 Redemption Rock Trail located in Sterling, MA.

7. Independent Welding is a non-incorporated entity doing business in Massachusetts.

## FACTS

8. Patrick and Susan Beauregard are husband and wife.

9. Both Patrick and Susan owned and operated CWS.

10. CWS signed a collective bargaining contract ("CBA") with Iron Workers District Council of New England. Exhibit A (CBA).

11. Among other things, the CBA requires CWS to make contributions into a health insurance fund, pension fund and other funds administered by the Trustees when CWS employed any employee who performed work covered by the CBA.

12. Within the past year, CWS began, upon information and belief, operating as an entity known as Independent Welding in violation of the CBA or simply as an *alter ego* entity of the Beauregards or CWS or both.

13. Independent Welding is, upon information and belief, a d/b/a company being operated by either Patrick or Susan Beauregard or both.

14. Independent Welding and CWS have substantially identical management, customers, equipment, supervisors, operations, and vendors.

15. Independent Welding is an *alter ego* of CWS, Patrick Beauregard, or Susan Beauregard.

16. Patrick and Susan Beauregard are liable for any debt owed by CWS to the Trustees.

17. Patrick and Susan Beauregard are individually liable for any debt owed by Independent Welding to the Trustees.

## Statement of Claims
### COUNT I
#### (ERISA)

18. The Trustees restate the allegations contained in paragraphs 1-17 above and incorporate the same herein by this reference and further state:

19. This is a cause of action in accord with ERISA against each defendant to recover amounts past due and owing to the Trustees.

### COUNT II
#### (Personal Liability/Corporate Veil Piercing)

20. The Trustees restate the allegations contained in paragraphs 1-19 above and incorporate the same herein by this reference and further state:

21. This is a cause of action against Patrick or Susan Beauregard personally to recover amounts owed to the Trustees.

### COUNT III
#### (Third-Party Beneficiary Claim)

22. The Trustees restate the allegations contained in paragraphs 1-21 above and incorporate the same herein by this reference and further state:

3

23. This is a cause of action for breach of the CBA, pursuant to 29 U.S.C., §185 which breach caused grave harm and loss to the Trustees.

### COUNT IV
### (B&B Welding)

24. The Trustees restate the allegations contained in paragraphs 1-23 above and incorporate the same herein by this reference and further state:

25. B&B Welding, Inc. ("B&B") signed a CBA ("B&B-CBA") with Iron Workers District Council of New England. Exhibit B (B&B CBA).

26. Defendant Ronald Beauregard owned, operated, and managed B&B.

27. Independent Welding is owned, operated, and managed by Ronald Beauregard.

28. Susan Beauregard also substantially exercised indirectly or directly control or management or ownership of CWS, B&B, and Independent Welding.

29. This is action against each defendant to recover damages sought in this complaint where liability derives from the B&B-CBA.

### COUNT V
### (29 USC, §301 Breach of CBA/Local Unions v Defendants)

30. Plaintiffs restate the allegation contained in paragraphs 1-29 above and incorporate the same herein by this reference and further state:

31. Local 7, 37, and 57 of the International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers, AFL-CIO, ("Union") are each autonomous labor organizations operating in Massachusetts and which are each signatory to the CBAs mentioned above in this action and signed by B&B and CWS.

4

32. B&B and CWS have breached those agreements by, among others things, unlawfully and wrongfully repudiating the CBAs and by operating as Independent Welding without abiding by the CBAs.

33. This is an action against each defendant to recover damages sought in this complaint where liability derives from any breach of any CBA resulting in harm caused to the above said Union.

**WHEREFORE,** the Trustees and Union respectfully demand that this Court issue judgment against defendants and order:

A.    Defendants to pay the Trustees all past due money;

B.    Defendants to reimburse all past and present employees for wages and benefits not paid by defendants;

C.    Defendants to pay the Trustees and each trust plan their attorney fees and costs pursuant to 29 U.S.C. §§1132 (g)(1);

D.    That defendants be enjoined from failing to pay timely contributions in accord with the CBA;

E.    Defendants to pay the Union remedies available in the CBAs including back wages and benefits for covered employees employed by Independent Welding and who performed covered work and enjoin the defendants from further operating without abiding by the applicable CBAs.

F.    Such other relief as the Court may deem proper and just.

Respectfully submitted by,
Trustees of the Iron Workers District
Council of New England Pension, Health
and Welfare, Annuity, Vacation, and
Education Funds, Plaintiffs,
By and through their attorney,

/s/ Mickey Long
Mickey Long, BBO #634388
193 Old Colony Ave.
P.O. Box E-1
Boston, MA 02127
(617) 269-0229
Fax: 617-269-0567
mickeylong@gis.net.

Dated: October 25, 2004

# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Trustees of the Iron Workers District Council )<br>of New England Pension, Health and Welfare, )<br>Annuity, Vacation, and Education Funds, and )<br>Local 7, 37, and 57 of the International )<br>Association of Bridge, Structural, Ornamental, )<br>and Reinforcing Iron Workers, AFL-CIO, )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>CWS Construction, Patrick Beauregard, )<br>Susan Beauregard, and their alter-egos )<br>Independent Welding Services, )<br>and B&B Welding, Inc., )<br> )<br>Defendants. )<br> ) | Civil Action No. 03-11815-NG |

## DEFENDANTS' ANSWER TO PLAINTIFFS' 2ND AMENDED COMPLAINT

Defendants hereby answer the Plaintiffs' 2nd Amended Complaint as follows:

## INTRODUCTION

1.     This is an action under the Employee Retirement Income Security Act ("ERISA"),

particularly 29 U.S.C. §1132 (a),(d),(f) and (g), and other actions, to recover delinquent

contributions owed by the defendant to trust funds administered by the plaintiffs, Trustees of the

Iron Workers District Council of New England Pension, Health and Welfare, Annuity, Vacation and

Education Funds ("Trustees").

*Answer*: This paragraph does not require an admission or denial.  To the extent an

answer is required, Defendants deny the allegations in this paragraph.

## JURISDICTION

2.    Subject Matter jurisdiction is provided by the Labor Management Relations Act ("LMRA"),

29 U.S.C., §185 *et seq;* the ERISA, 29 U.S.C., §§502, 515, and 1132, *et seq;* and 29 U.S.C., §§1331

and 1337.

*Answer*: Defendants admit this Court's jurisdiction to hear actions filed under the

LMRA and ERISA and deny the remainder of Paragraph 2.

## PARTIES

3.    The Trustees administer trust funds from their office located at 193 Old Colony Ave. in

Dorchester, Massachusetts, County of Suffolk.

*Answer*: Defendants admit the allegations in Paragraph 3.

4.    CWS is upon information and belief, a corporation duly organized in Massachusetts with a

principle place of business located at 279 Redemption Rock Trail, Sterling, MA.

*Answer*: CWS is not the legal name of any duly organized or known corporation doing

business in Massachusetts.  Defendants admit the remaining allegations in Paragraph 4 regarding

Construction Welding Services Corp.

5.    Patrick Beauregard is an individual who resides at 279 Redemption Rock Trail located in

Sterling, MA.

*Answer*: Defendants deny the allegation that "Patrick Beauregard" is the legal name of an

individual residing at the identified address.  Defendants admit the allegations in Paragraph

5 regarding Ronald Beauregard.

6.    Susan Beauregard is an individual who resides at 279 Redemption Rock Trail located in

Sterling, MA.

*Answer*: Defendants admit the allegations in Paragraph 6.

7.    Independent Welding is a non-incorporated entity doing business in Massachusetts.

2

*Answer*: Defendants admit the allegations in Paragraph 7.

## FACTS

8.    Patrick and Susan Beauregard are husband and wife.

   *Answer*: Defendants deny the allegations in Paragraph 7. Defendants admit the allegation

with regard to Ronald and Susan Beauregard.

9.    Both Patrick and Susan owned and operated CWS.

   *Answer*: Defendants deny the allegations that "Patrick Beauregard" or Ronald Beauregard

   and Susan owned and operated CWS and admit that Susan Beauregard owned and operated

   Construction Welding Services Corp. Defendants deny all remaining allegations and

   information contained in paragraph 9 of this 2nd Amended Complaint.

10.   CWS signed a collective bargaining contract ("CBA") with Iron Workers District Council

of New England. Exhibit A (CBA).

   *Answer*: Defendants are without knowledge to admit or deny the allegations in paragraph

   10. To the extent an answer is required and despite the answer to Paragraph 4, Defendants

   admit that Construction Welding Services Corp. signed an agreement with the Iron Workers

   District Council and deny that it is a collective bargaining agreement. An "Exhibit A" was

   not attached to the 2nd Amended Complaint.

11.   Among other things, the CBA requires CWS to make contributions into a health insurance

fund, pension fund and other funds administered by the Trustees when CWS employed any

employee who performed work covered by the CBA.

   *Answer*: Defendants are without knowledge to admit or deny the allegations in paragraph

   11. To the extent an answer is required and despite the answer to Paragraph 4, Defendants admit

   the allegations in Paragraph 11 regarding Construction Welding Services Corp.

12.    Within the past year, CWS began, upon information and belief, operating as an entity known as Independent Welding in violation of the CBA or simply as an *alter ego* entity of the Beauregards or CWS or both.

*Answer*: Defendants deny the allegations in Paragraph 12.

13.    Independent Welding is, upon information and belief, a d/b/a company being operated by either Patrick or Susan Beauregard or both.

*Answer*: Defendants admit that Independent Welding is operated by Ronald Beauregard and deny the remaining allegations in Paragraph 13.

14.    Independent Welding and CWS have substantially identical management, customers, equipment, supervisors, operations, and vendors.

*Answer*: Defendants deny the allegations in Paragraph 14.

15.    Independent Welding is an *alter ego* of CWS, Patrick Beauregard, or Susan Beauregard.

*Answer*: Defendants deny the allegations in Paragraph 15.

16.    Patrick and Susan Beauregard are liable for any debt owed by CWS to the Trustees.

*Answer*: Defendants deny the allegations in Paragraph 16.

17.    Patrick and Susan Beauregard are individually liable for any debt owed by Independent Welding to the Trustees.

*Answer*: Defendants deny the allegations in Paragraph 17.

## Statement of Claims
### COUNT I
### (ERISA)

18.    The Trustees restate the allegations contained in paragraphs 1-17 above and incorporate the same herein by this reference and further state:

*Answer*: Defendants incorporate by reference their responses to paragraphs 1-17 of the Plaintiff's 2nd Amended Complaint.

4

19.    This is a cause of action in accord with ERISA against each defendant to recover amounts

past due and owing to the Trustees.

*Answer*: This Paragraph states a legal conclusion.  To the extent an answer is required,

Defendants deny the allegations in this Paragraph of the Plaintiff's 2nd Amended Complaint.

## COUNT II
### (Personal Liability/Corporate Veil Piercing)

20.    The Trustees restate the allegations contained in paragraphs 1-19 above and incorporate the

same herein by this reference and further state:

*Answer*: Defendants incorporate by reference their responses to paragraphs 1-19 of the

Plaintiff's 2nd Amended Complaint.

21.    This is a cause of action against Patrick or Susan Beauregard personally to recover amounts

owed to the Trustees.

*Answer*: This paragraph does not make a specific averment.  To the extent an answer is

necessary, Defendants deny the allegations in this paragraph of the 2nd Amended Complaint.

## COUNT III
### (Third-Party Beneficiary Claim)

22.    The Trustees restate the allegations contained in paragraphs 1-21 above and incorporate the

same herein by this reference and further state:

*Answer*: Defendants incorporate by reference their responses to paragraphs 1-21 of the

Plaintiff's 2nd Amended Complaint.

23.    This is a cause of action for breach of the CBA, pursuant to 29 U.S.C., §185 which breach

caused grave harm and loss to the Trustees.

*Answer*: Defendant admit that Plaintiffs assert that this action is for breach of a CBA, and

deny the remaining allegations in this paragraph of the 2nd Amended Complaint.

<u>COUNT IV</u>
(B&B Welding)

24.    The Trustees restate the allegations contained in paragraphs 1-23 above and incorporate the

same herein by this reference and further state:

> *Answer*:  Defendants incorporate by reference their responses to paragraphs 1-23 of the
>
> Plaintiff's 2nd Amended Complaint.

25.    B&B Welding, Inc. ("B&B") signed a CBA ("B&B-CBA") with Iron Workers District

Council of New England. <u>Exhibit B</u> (B&B CBA).

> *Answer*:  Defendants admit that B&B signed an agreement with the Iron Workers District
>
> Council and deny that it is a collective bargaining agreement.   An "Exhibit B" was not
>
> attached to the 2nd Amended Complaint.

26.    Defendant Ronald Beauregard owned, operated, and managed B&B.

> *Answer*:  Defendants admit the allegations of paragraph 26.

27.    Independent Welding is owned, operated, and managed by Ronald Beauregard.

> *Answer*:  Defendants admit the allegations of paragraph 27.

28.    Susan Beauregard also substantially exercised indirectly or directly control or management

or ownership of CWS, B&B, and Independent Welding.

> *Answer*:  Defendants admit the allegation that Susan Beauregard controlled or managed
>
> Construction Welding Services Corp. and deny the remaining allegations of paragraph 28.

29.    This is [sic] action against each defendant to recover damages sought in this 2nd Amended

Complaint where liability derives from the B&B-CBA.

> *Answer*:  Defendants are without knowledge to admit or deny the allegations in paragraph
>
> 29.  To the extent an answer is required, Defendants deny that "damages" are awardable
>
> under the collective bargaining agreement alleged.

6

## COUNT V

(29 USC, §301 Breach of CBA/Local Unions v Defendants)

30.     Plaintiffs restate the allegation contained in paragraphs 1-29 above and incorporate the same herein by this reference and further state:

> *Answer*:  Defendants incorporate by reference their responses to paragraphs 1-29 of the Plaintiff's 2nd Amended Complaint.

31.     Local 7, 37, and 57 of the International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers, AFL-CIO, ("Union") are each autonomous labor organizations having principle places of operation in Massachusetts which are each signatory to the CBAs mentioned above in this action and signed by B&B and CWS.

> *Answer*:  Defendant is without knowledge or information to form a belief as to the truth of the averment in the first clause of Paragraph 31 of the 2nd Amended Complaint.  To the extent an answer is required, Defendants deny the allegation in the first clause and admit that B&B and Construction Welding Services Corp. signed certain agreements with Local 7, 37, and 57.

32.     B&B and CWS have breached those agreements by, among others things, unlawfully and wrongfully repudiating the CBAs and by operating as Independent Welding without abiding by the CBAs.

> *Answer*:  Defendants deny the averments and allegations in paragraph 32 of the Plaintiff's 2nd Amended Complaint.

33.     This is an action against each defendant to recover damages sought in this 2nd Amended Complaint where liability derives from any breach of any CBA resulting in harm caused to the above said Union.

7

*Answer*: Defendants are without knowledge to admit or deny the allegations in paragraph 33. To the extent an answer is required, Defendants deny that "damages" are awardable under the alleged collective bargaining agreement in Paragraph 33.

**WHEREFORE,** the Trustees and Union respectfully demand that this Court issue judgment against defendants and order:

A.     Defendants to pay the Trustees all past due money;

*Answer*: Defendants deny the appropriateness of the Plaintiffs' requests in paragraph A.

B.     Defendants to reimburse all past and present employees for wages and benefits not paid by defendants;

*Answer*: Defendants deny the appropriateness of the remedial requests in paragraph B.

C.     Defendants to pay the Trustees and each trust plan their attorney fees and costs pursuant to 29 U.S.C. §§1132 (g)(1);

*Answer*: Defendants deny the appropriateness of the remedial requests for attorneys' fees and costs in paragraph C.

D.     That defendants be enjoined from failing to pay timely contributions in accord with the CBA;

*Answer*: Defendants deny the appropriateness of the Plaintiffs' requests in paragraph D.

E.     Defendants to pay the Union remedies available in the CBAs including back wages and benefits for covered employees employed by Independent Welding and who performed covered work and enjoin the defendants from further operating without abiding by the applicable CBAs.

*Answer*: Defendants deny the asserted remedies are appropriate.

F.     Such other relief as the Court may deem proper and just.

8

*Answer*: Defendants deny the remaining request for relief and specifically pray that

the 2nd Amended Complaint be dismissed in its entirety and that costs and

attorney's fees be awarded to Defendant.

## AFFIRMATIVE DEFENSES

A.    The 2nd Amended Complaint fails to state, in whole or in part, a claim upon which

relief may be granted.

B.    The Plaintiffs' claims are barred, in whole or in part, as a matter of law.

C.    The Agreements signed by Defendants CWS and B&B were prehire agreements

entered under 29 U.S.C. §158(f), that could be terminated at any time by Defendants under federal

labor law.

D.    Defendants CWS and B&B provided termination notice to the Defendants.

E.    The claims are barred by the applicable statute of limitations.

F.    Plaintiffs' 2nd Amended Complaint is filed more than six months after Defendants

CWS and B&B provided notice that they had ceased operations under the statute of limitations in

29 U.S.C. § 160(b).

G.    All contributions due prior to termination have been paid.

H.    The "Agreements" identified as Exhibit A &B to the 2nd Amended Complaint are not

collective bargaining agreements under 29 U.S.C. § 158(d).

I.    The Defendants' obligation to make contract and post-contract contributions is

arguably subject to the jurisdiction of the National Labor Relations Board under 29 U.S.C. §

1392(a).

J.    Plaintiff Funds are required to submit all post-contract claims for contributions to the

National Labor Relations Board.

9

K.     The "Agreements" identified as Exhibits A & B to the 2nd Amended Complaint were limited to coverage to contributions for covered employees.

L.     The 2nd Amended Complaint in this case was filed after unreasonable delay, knowledge, laches, waiver, and Plaintiffs are estopped from raising these claims at this time.

M.     The Plaintiffs seek unjust enrichment and a windfall for their Funds.

N.     Plaintiffs seeks extra-contractual compensation that is not available to them.

O.     There is no personal liability of shareholders, managers and owners for corporate contributions and obligations covered under ERISA.

P.     The Plaintiffs' claims are barred by the doctrine of unclean hands.

WHEREFORE, in view of the aforesaid affirmative defenses as well as the responses contained in this Answer and the Affirmative Defenses, Defendants request that the 2nd Amended Complaint be dismissed and that Defendant be granted equitable relief under 29 U.S.C. Section 1132(a). Defendants also respectfully urge that the Court award attorney's fees and costs in favor of Defendant and such other relief as this Court deems just and proper.

Respectfully submitted,

James P. Ehrhard (BBO# 651797)
Kressler & Kressler, P.C.
11 Pleasant Street
Worcester, MA 01609
(508) 791-8411

Michael E. Avakian
5211 Port Royal Road, Suite 103
Springfield, VA 22151
(703) 321-9181

Dated: November 12, 2004

Counsel for Defendants

11

## CERTIFICATE OF SERVICE

I hereby certify that 'Defendants' Answer to Plaintiffs' 2nd Amended Complaint' was served to the following counsel via U.S. Mail, postage prepaid, on this 12th day of November, 2004, if not having been noted as having been served electronically upon filing:

Mickey Long, Esq.
Law Office of Mickey Long
193 Old Colony Avenue
Boston, Massachusetts 02127

James P. Ehrhard, Esq.

# EXHIBIT D

# CONSTRUCTION WELDING
# SERVICES. CORP.

*279 Redemption Rock Trail*
*Sterling, MA 01564*
*Phone  (978) 422-9004    Fax   (978) 422-9007*



May 23, 2001

Ironworkers Local 7
195 Old Colony Avenue
South Boston, MA 02127-2457

Dear Mke Durant;

     This letter is to inform you that Consturction Welding Services, Corp. is an alter ego of B & B Welding, Inc. both of which are signatory contractors of Local 7

Sincerely,

Ronald Beauregard
Susan Beauregard