# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN STEEL ERECTORS, INC., *et al.*, <br> Plaintiffs, <br><br> v. <br><br> LOCAL UNION NO. 7, INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL & REINFORCING IRON WORKERS, *et al.,* <br><br> Defendants. | Case No. 04-cv-12536-RGS |

## PLAINTIFFS' RESPONSE TO DEFENDANT CHARLES WRIGHT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant Charles Wright has moved the Court to dismiss Counts I-IV for failure to state a claim upon which relief may be granted and to dismiss Counts V-VII of Plaintiffs' Complaint as preempted by federal law. The Court should deny the Motion for the reasons set forth below.

## **STANDARD OF REVIEW**

Defendant Wright's Motion to Dismiss does not refer to the Federal Rules of Civil Procedure. His Memorandum, however, identifies Fed. R. Civ. Proc. 12(b)(1) (lack of jurisdiction over the subject matter) and 12(b)(6) (failure to state a claim upon which relief can be granted).

In recognizing the limitation of his own motion, Mr. Wright cannot attack the jurisdictional allegations that also involve the merits of Plaintiffs' case. On a motion to dismiss under Rule 12(b)(1), the Court is to "accept as true the complaint's well-pleaded factual allegations, Viqueira v. First Bank, 140 F.3d 12, 15 (1st Cir. 1998), "drawing all reasonable inferences in favor of plaintiff." Id. at 16. The same is true for Rule 12(b)(6) motions. Rogan v. Menino, 175 F.3d 75 (1st Cir. 1999).

A dismissal under Rule 12(b)(1) should only occur where the grounds set forth are "so attenuated and unsubstantial as to be absolutely devoid of merit." Baker v. Carr, 369 U.S. 186, 199 (1962). A motion to dismiss under Rule 12(b)(6) should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle it to relief." Roeder v. Alpha Ind., Inc., 814 F.2d 22, 25 (1st Cir. 1987), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

And, if the information available to the Court shows the Court actually has jurisdiction over the contested claims, it may deny the motion to dismiss and allow an amendment of the pleading to correct any deficiencies. 5A Wright & Miller Federal Practice & Procedure §1350 at 223 (1990).

## BACKGROUND FACTS

Defendant Charles Wright ("Wright"), is Business Agent/Industry Analyst and former President of Defendant Local 7. Complaint ¶ 8. He personally participated in numerous acts intended to displace Plaintiffs from their business relations with customers and to create and enforce a market enclave for the benefit of competitor business co-conspirators. See Complaint ¶¶143, 148, 149, 160, 181. It is admitted that on at least one occasion within the scope of his duties, he contacted Construction Welding Services Corp. to inquire whether it was interested in obtaining target money and succeeded in furtherance of the conspiracy.

## ARGUMENT

In Defendant Wright's presentation, he claims that because there is an exemption for union members in Section 301(b) of the Labor Act, 29 U.S.C. § 185(b), that he is not responsible for any action or damages he may have caused to Plaintiffs. On this basis he moved to dismiss Counts V-VII as preempted and Counts I-VII for failure to state a claim upon which relief can be granted. See Motion ¶¶ 1 & 2.

As shown below, Defendant Wright's argument is mostly insupportable.

### A.     THE COURT HAS JURISDICTION OVER DEFENDANT WRIGHT UNDER THE SHERMAN ANTITRUST.

Defendant Wright identifies no specific case to support its theory that he is not liable under federal antitrust law for the acts he may have undertaken.  The appropriate statute is not even cited.

15 U.S.C. § 1 provides:

> Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States, or with foreign nations, is hereby declared to be illegal.  Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding one million dollars if a corporation, or, if any other person, one hundred thousand dollars, or by imprisonment not exceeding three years, or by both said punishments, in the discretion of the court.

15 U.S.C. § 2 provides,

> Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other persons or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding one million dollars if a corporation, or, if any other person, one hundred thousand dollars, or by imprisonment not exceeding three years, or by both said punishments, in the discretion of the court.

A labor union qualifies as a "person," as it is either an association, corporation or unincorporated association liable under the Sherman Act, 15 U.S.C. § 7.  Labor unions are liable for violations of the Sherman Act.  United Mine Workers v. Coronado Coal Co., 259 U.S. 344 (1922).

Section 14 of the statute, 15 U.S.C. § 24, provides for the liability of directors and agents of the corporation:

> Whenever a corporation shall violate any of the penal provisions of the antitrust laws, such a violation shall be deemed to be also that of the individual directors, officers, or agents of such corporation who shall have authorized, ordered, or

3

done any of the acts constituting in whole or in part such violation....

The liability established in Section 1 was intended to apply on its face to officers and agents in civil suits. In <u>Cott Beverage Corp. v. Canada-Dry Ginger Ale</u>, 146 F. Supp, 300 (S.D.N.Y. 1956), <u>aff'd</u>, 243 F.2d 795 (2d Cir. 1956), a corporation and five officers were sued. The defendants argued that Section 24 did not apply to the individuals defendants. The Court held "[t]his suggestion which is utterly without support in the Congressional debates is rejected." <u>Id</u>. at 302.

The most visible demonstration of the liability of union agents under the Sherman Act is <u>Allen Bradley Co. v. Local Union No. 3, IBEW</u>, 325 U.S. 797 (1945). There, the Supreme Court affirmed the liability of labor unions under the Sherman Act where it entered into agreements and conspiracies with businesses outside of mandatory subjects of bargaining and outside collective bargaining relationships. The defendants were the union and six of its officers and agents. In finding antitrust liability and injunctive relief available, the Supreme Court reversed the ruling of the Second Circuit. <u>Id</u>. At 812.[1]

The Sherman Act specifically authorizes the holding of corporate officers and agents liable for civil damages. Mr. Wright was an officer and is an admitted agent of Local 7.

Therefore, this Court has jurisdiction to consider this claim against Defendant Wright.

## B.    DEFENDANT WRIGHT'S LIABILITY UNDER SECTION 303 OF THE LABOR ACT.

Defendant Wright claims that he is not personally liable for his acts under the Secondary

---

[1]The defendants in the case were the local union and "six named officers and agents of the Union." <u>Allen Bradley Co. v. Local Union No. 3, IBEW</u>, 145 F.2d 215, 216 (2d Cir. 1944), <u>rev'g</u>, <u>Allen Bradley Co. v. Local Union No. 3, IBEW</u>, 51 Supp. 36 (S.D.N.Y. 1943), and <u>Allen Bradley Co. v. Local Union No. 3, IBEW</u>, 41 F. Supp. 727 , 729 (S.D.N.Y. 1941) (defendants were "certain of the Local's officers and agents").

Boycott provisions of the Act.  His point is that because there exists a reservation in Section 301(b) of the Labor Act, 29 U.S.C. § 185(b), making money judgments enforceable "against a labor organization as an entity and against its assets" only and exempting "any individual member or his assets," he cannot be held liable under Section 303 of the Labor Act, 29 U.S.C. § 187.

The cases employed by Defendant Wright are not directly applicable.

In Atkinson v. Sinclair Refining Co., 370 U.S. 238, 240 (1962), an employer sued the union with which it had a collective bargaining agreement, its agents, and members for breach of the collective bargaining agreement by undertaking a strike or work stoppage under Section 301 of the Labor Act and for tortious breach of contract.  Under these conditions, the Court found the liability of the members and agents inapplicable under Section 301(b), whether the complaint alleged a breach of "contract or tort, or both, in a separate count or in a separate for damages for violation of a collective bargaining contract for which damages the union itself is liable."  Id. at 249.

The Supreme Court noted that its ruling did not address the situation where the individual defendants [were] acting not in behalf of the union but in their personal and nonunion capacity."  370 U.S. 249 n.7.  Here, the allegations that Defendant Wright was alleged to have acted as an agent is questioned by Local 7 in its Motion to Dismiss on the grounds that it did not believe Mr. Wright had done so.  "There is no allegation anywhere in the Complaint that the Union ratified, condoned or authorized any of the conduct alleged."  Local 7's Motion to Dismiss at 25. Whether Mr. Wright's actions were authorized or ratified by Local 7 is a question of fact.[2]

_____

[2]At this juncture, the same law firm represents Defendant Local 7 and Defendant Wright.  The Plaintiffs observes that the interests of the two Defendants by the same law firm may now be incompatible.

In <u>Montplaisir v. Leighton</u>, 875 F.2d 1 (1st Cir. 1989), the First Circuit in a legal malpractice case brought by four former air traffic controller members of PATCO against their attorneys for breach of assurances that they would not be fired under the Civil Service Reform Act by President Reagan, found the claims preempted by the jurisdiction of the Federal Labor Relations Authority. <u>Id</u>. at 2.   The claims were essentially fraud, false representations and breach of the contract with the attorneys.

The Court analogized the lawyers' liability to that of individual workers under Section 301 since they were "union agents" in their professional capacities.  Nothing in the case alludes to Section 301's applicability to Section 303 claims.

More closely analogous to the Defendant's assertion is <u>Complete Auto Transit, Inc. v. Reis</u>, 451 U.S. 401 (1981), string cited at Mem. p.2.  There, an employer sued its employees who breached the no-strike provision of the collective bargaining agreement under Section 301 of the Act.  In a lengthy examination of the individual remedy bar in Section 301(b), the Supreme Court also considered in dicta the applicability of Section 301(b) to claims arising under Section 303.  <u>See</u> 451 U.S. at 415.

Again, the claim that Section 301(b) applies to Section 303 actions is dicta and Defendant cites no Supreme Court caselaw to support the proposition.  The language in Section 303(b) would appear to indicate that Section 301(b) applies, and there is some caselaw that shows it may.

In <u>Cranshaw Constr. of New England, L.P. v. Iron Workers, Local 7</u>, 891 F. Supp. 666 (D. Mass. 1995), the Court considered the liability of an individual member of Local 7 and found that he could not be held liable for a judgment.  In <u>Intercity Maintenance Co. v. Local 254, SEIU</u>, 62 F. Supp.2d 483, 495 (D. R.I. 1999), relying upon <u>Prater v. United Mine Workers</u>, 793 F.2d 1201 (11th Cir. 1986), the court also found that individuals cannot be held liable under

Section 303 of the LMRA.

There is a distinction in the caselaw raised by Defendant and the situation at bar.  First, Plaintiffs seek injunctive relief and damages against defendants.  Even if Mr. Wright is not liable for damages, which is all Section 301(b) says, his actions are still enjoinable and therefore the Court has jurisdiction over him for that purpose under this Count.  This case involves Section 8(e) of the Labor Act.  None of the cases cited involved a violation of Section 8(e).

Moreover, simply because Section 301(b) indicates that in a breach of contract case an individual would not be liable does not exempt him from liability under the antitrust law for his Section 8(e) activity.

> **C.    WRIGHT IS LIABLE FOR VIOLATION OF STATE TORT LAW AND HIS LIABILITY IS NOT PREEMPTED BY SECTION 301 OF THE LABOR ACT.**

As shown above, Defendant Wright's privilege is a narrow one—the determinative question is whether or not the state tort relates to or requires examination of a union-employer agreement.  "Whether state-law claims are preempted under Garmon is determined not by the identity of the party against whom the claims are asserted but rather by the issues that those claims require a court to adjudicate."  Richardson v. Kruchko & Fries, 966 F.2d 153, 156 (4th Cir. 1992); Lumber Prod. Indus. Wrkrs Local # 154 v. West Coast Indus. Rel. Assn., 775 F.2d 1042, 1049 (9th Cir. 1985) (identity of defendant is not determinative; a state law claim is preempted "if the conduct relied on to prove a crucial element in the state action is conduct that is arguably covered by the NLRA").  Since the Defendant has not demonstrated how each and every one of the allegations of conduct under the two interference torts and Chapter 93A are subject to NLRB jurisdiction, preemption is inapplicable.

Defendant Wright argues broadly that state torts affecting unions are all preempted, citing to Montplaisir, supra, Wolfson v. American Airlines, Inc., 170 F. Supp.2d 87 (D. Mass.

2001), and Suwanchi v. IBEW, Local 1973, 528 F. Supp. 851 (D.N.H. 1981).  Mem. at 6.

Suwanchi involved an employee who claimed he was "bumped" improperly from his job and then wrongfully discharged from employment.  He sued his union and a local union official for breach of the collective bargaining agreement under Section 301 of the Labor Act.  Id. at 855.  With respect to the individual, the district court dismissed the claim since Section 301(b) clearly makes the union only liable for damages, not its officers.  Id. at 862.

Wolfson is a case under the Railway Labor Act.  The Defendants argued that Garmon preemption theories applied there, too.  There was conduct undertaken in violation of a court TRO.  Under these conditions, the Court found the Massachusetts's interest in its interference torts (of general application) greater than the federal interest ass explained in Garmon, id. at 92, it found no preemption under Lingle v. Norge Div. of Magic Chef, 486 U.S. 399, 413 (1988), since no collective bargaining agreement needed to be interpreted to ascertain the tort, id. At 93, and no preemption under the Airline Deregulation Act, id at 94.

The Court did consider the effect of individual liability in the circumstances and decided that the individual union officers were exempt from damages liability by analogy from 301(b).  Id. at 96. Cranshaw Constr. Co. v. Iron Workers, Local 7, 891 F. Supp. 666, 673 (D. Mass. 1995), reached the same conclusion as to damages after trial on the merits.

The Complaint does request injunctive relief that may be binding on Defendant Wright.  As such, the Court's eventual award will be applicable to the Union as well as Defendant Wright as he notes, Mem. at 7 n.3, but that does not absolve him from being a responsible party in the instant case.  Neither does a preemption analysis demand dismissal of Defendant Wright at this early stage of the case when the full flavor of his activities have not been fully explored.  As in Cranshaw, which reached the issue after development of a record and trial, this Court should not and cannot "accept as true the complaint's well-pleaded factual allegations, and "draw[] all

reasonable inferences in favor of plaintiff," <u>Viqueira v. First Bank</u>, 140 F.3d 12, 15, 16 (1st Cir. 1998), and release Mr. Wright from liability when he will also be a full party defendant under the Sherman Act.

Finally, Defendant Wright has not directly challenged his liability under Chapter 93A. Section 11 of the statute establishes equitable relief against one who engages in deceptive trade practices. No case is cited for the proposition that chapter 93A is preempted by any theory of federal law. The burden is on Defendant Wright to establish he is not subject to the statute. <u>Clinton Hosp. Assn. v. Corson Group, Inc.</u>, 907 F.2d 1260, 1267 (1st Cir. 1990).

Defendant Wright is alleged to have undertaken efforts against Plaintiffs as an agent for unionized employers to interfere with Plaintiffs' ongoing contracts in order to supply those unionized contractors with more work and thereby directly benefit union members. That business purpose is a question of fact. "[T]he question of defendant's entitlement to a claim of conditional or qualified immunity is clearly one for the trier of fact." <u>O'Brien v. Papa Gino's of America, Inc.</u>, 780 F.2d 1067, 1075 (1st Cir. 1986). It should not be resolved on motion.

<u>**CONCLUSION**</u>

Defendant Wright is clearly subject to liability under the Sherman Act. His asserted activities whether or not subject to the Labor Act are more problematical on this Record and should be denied by the Court at this time until the record develops more fully. For similar reasons, Mr. Wright's liability under the State torts are premature as well.

For the reasons set forth above, Plaintiffs respectfully request that Defendant Wright's

Motion to Dismiss be denied.

Respectfully submitted,

AMERICAN STEEL ERECTORS, INC.,
AJAX CONSTRUCTION CO.,
AMERICAN AERIAL SERVICES, INC.,
BEDFORD IRONWORKS, INC.,
D.F.M. INDUSTRIES, INC., and
RONALD BEAUREGARD d/b/a
INDEPENDENT WELDING

By their attorneys,

Carol Chandler (BBO # 080660)
Geoffrey R. Bok (BBO # 550851)
STONEMAN, CHANDLER & MILLER LLP
99 High Street
Boston, MA  02110
(617) 542-6789

/s/ Michael E. Avakian
Michael E. Avakian
SNETANA & AVAKIAN
3211 Port Royal Road, Suite 103
Springfield, VA 22151
703-321-9181
703-321-9325 - Fax

Dated: March 14, 2005                    (Admitted *Pro Hac Vice*)

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiffs' Response to Defendant Iron Workers Local 7's
Motion to Dismiss Counts V-VII of Plaintiffs' Complaint was served, via email and U.S. Mail,
on this the 14th day of March 2005, to the counsel of record in the above styled case named
below:

Paul F. Kelly
Segal, Roitman & Coleman
11 Beacon Street
Boston, MA 02108
pkelly@segalroitman.com

/s/Michael E. Avakian
Michael E. Avakian