UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN STEEL ERECTORS, INC., et al.<br><br>Plaintiffs,<br><br>v.<br><br>LOCAL UNION NO. 7, INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL & REINFORCING IRON WORKERS, and<br><br>CHARLES WRIGHT, and<br><br>STEEL ERECTION AND ORNAMENTAL IRON INDUSTRY ADVANCEMENT FUND,<br><br>Defendants. | Case No. 1:04-cv-12536-RGS |

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT
CHARLES WRIGHT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

I. **INTRODUCTION**

The Plaintiffs have sued former Charles Wright individually. They allege that Charles Wright was an "agent" of Ironworkers Local 7 ("Local 7"), and that he was at all times acting with the authority of the Local. This, they claim, subjects Wright to personal liability under the antitrust laws, the secondary boycott provisions of the labor laws, and various state laws in four different states. Wright has moved to dismiss because an individual union member or officer cannot be sued for damages in the federal courts, and additionally because the state claims are preempted. This Reply Memorandum is filed with leave of the Court.

II.  **DISCUSSION**

The Plaintiffs have opposed defendant Wright's Motion to Dismiss, arguing that (1) individual union officers acting in their official capacity are personally liable for antitrust violations; (2) individual union officers may be held personally liable for violations of ξ303 of the Labor Management Relations Act, 29 U.S.C. ξ187, and (3) that Wright is personally liable for violations of state law.  Plaintiffs also argue that Wright is subject to injunctive relief, even if he is not liable for damages.

Wright has set forth his legal arguments in detail in his Memorandum in Support of Motion to Dismiss ("Memorandum").   He responds briefly to each of the Plaintiffs arguments as follows.

A.  ANTITRUST

The Plaintiffs rely on 15 U.S.C. §24, which defines the liability of corporate officers, and cases concerning the liability of corporate officers for antitrust violations.  These cases are inapposite because a labor organization is an unincorporated association, not a corporation.  The liability of the members or officers of a labor organization is governed by the 1947 amendments to the National Labor Relations Act, 29 U.S.C. §185(b).  See Mem., pp.  5-7.

Plaintiffs also rely on Allen Bradley Co. v. Local Union No. 3, IBEW, 325 U.S. 797 (1945) for the proposition that union officers or agents are personally liable for antitrust violations.  Allen Bradley was decided two years before the passage of §301(b), 29 U.S.C. §185(b).  Allen Bradley was a declaratory judgment action which also dealt with the scope of an injunction against a union, and its officers and agents.  The case has no bearing on a union member's liability for damages.  That question is governed by the

statute which was passed two years after Allen Bradley for the express purpose of overturning antitrust cases in which union members and officers had been found liable for damages. See Mem. at 5-6.

### B. SECONDARY BOYCOTT

The Plaintiffs appear to concede that a secondary boycott claim against a union agent or officer acting with the authority or approval of the union is barred by applicable Supreme Court precedent. Plaintiffs' Response to Defendant Charles Wright's Motion to Dismiss Complaint ("Response") at 5-6. Instead, Plaintiffs argue that Local 7 has questioned Wright's status as an agent of the Local. Plaintiffs then argue that the "lack of authorization" defense permits a claim for individual liability, and that the representation of both Wright and Local 7 in the same action is improper. Id.

The argument is wrong as a matter of law and pleading. Section 303 by its terms applies only to labor unions. 29 U.S.C. § 187(a).[1] In addition, §303(b) is directly subject to the limitations of §301, including the limitations on damages against individuals. See Mem. at 7, citing 29 U.S.C. §187(b) and Complete Auto Transit v. Reis, 451 U.S. 410 (1981)(dismissing suit against individuals in an unauthorized wildcat strike). Plaintiffs have also apparently confused the allegations of their own Complaint. The *only* allegations against *Charles* Wright are that he acted at all times with the blessing of the Union. Compl. ¶8. The Plaintiffs have alleged that *Edwin* Wright engaged in improper

---

[1] Section 187(a) of Title 29 provides:

> It shall be unlawful, for purposes of this section only, in an industry or activity affecting commerce, for any *labor organization* to engage in any activity or conduct defined as an unfair labor practice in section 158(b)(4) of this title.

Emphasis added.

3

activities, and Plaintiffs have not alleged that those actions were condoned by Local 7. See Compl. ¶¶ 71-73. At page 25 of its Memorandum in Support of Motion to Dismiss, Local 7 argued that it could not be held liable for the alleged activities of *Edwin* Wright. Since Charles Wright is alleged to have acted with authorization at all times, there is *no* basis for the Plaintiffs' argument regarding the secondary boycott claim, nor is there any basis for the suggestion that Charles Wright's interest and that of the Local Union are incompatible.

C. STATE LAW CLAIMS

Citing Suwanchi v. IBEW Local 1973, 528 F.Supp. 851 (1981), Plaintiffs concede that "Section 301(b) clearly makes the union only (sic) liable for damages, not its officers." Resp. at 8. This would appear to dispose of both the federal and state claims. However, Plaintiffs appear to argue that the state law claims survive nonetheless. Response at 7-9.[2] Wright submits that Suwanchi is correctly decided. If so, the state law claims must be dismissed. It is not necessary to reach the other arguments. Even if the Court were to consider the state law claims, those claims would be preempted for the reasons articulated by Local 7.

D. INJUNCTIVE RELIEF

Laced throughout Plaintiffs' Response is the suggestion that even if there is no liability for damages, Wright should be kept in the case for purposes of injunctive relief. An injunction against the Local would also encompass an injunction against its officers, agents and employees. See Rule 65(d), Fed.R.Civ.P. The only effect of keeping Wright

---

[2] Plaintiffs argue that §301 preemption is inapplicable to this case. Response at 7-8. Wright has not argued §301 preemption. Wright asserts preemption under the Garmon and Machinists doctrines, incorporating by reference all of the arguments made by Local 7. Plaintiffs also argue that Wright enjoys no qualified

in the case is to impose additional costs and burdens on the defense. This is not reason to retain a defendant. The Plaintiffs may obtain complete relief without naming him.

Plaintiffs also misapprehend the scope of the relief available to them. No injunction may issue in a secondary boycott case. Section 303 authorizes suits for damages only; the National Labor Relations Board ("NLRB") is the entity authorized to seek injunctive relief in a secondary boycott case. Compare 29 U.S.C. §187 (suits for damages for secondary boycott) with 29 U.S.C §170(l)(NLRB jurisdiction to seek injunctive relief for secondary boycotts/unfair labor practices); Coastal Cement Corp. v. International Longshoreman's Assoc. Locals 799, 800, 805, 737 F.Supp. 147 (D. Mass. 1990)(denying claims for injunctive relief in §303 case). The only recognized basis for issuance of an injunction at the behest of a private party in a §303 case is an allegation of extreme force and violence. Coastal Cement, supra. There is virtually no allegation in this Complaint to form the basis for an injunction against the Union, and absolutely no allegations which would support an injunction against Wright under §303.

Plaintiffs also argue that they are entitled to an injunction against Wright under the antitrust laws. Leaving aside the thorny relationship between antitrust law and the Norris-LaGuardia Act, 29 U.S.C. §§101, 115, see Allen Bradley, supra, joinder of Wright is not necessary even if an injunction were to issue. As discussed above, Wright is subject to injunctive relief without being named to the extent he is an officer, employee, or agent. The same analysis applies to state law claims, if the court finds they are not preempted.

---

immunity, a defense which has not been asserted. Resp. at 9. Plaintiffs argue that Wright has not challenged the Chapter 93A claim, when in fact he has under the preemption doctrine.

5

### III. CONCLUSION

For these reasons, Defendant Wright submits the claims against him should be dismissed with prejudice.

                                                Respectfully submitted,

                                                CHARLES WRIGHT

                                                By his attorneys,

/s/Paul F. Kelly
Paul F. Kelly (BBO #267000)
Mary T. Sullivan (BBO #487136)
SEGAL, ROITMAN & COLEMAN
11 Beacon Street
Boston, MA 02108
(617) 742-0208

/s/Mickey Long
Mickey Long (BBO #634388)
193 Old Colony Avenue
Box E-1
South Boston, MA 02127
(617) 269-0229

Dated: April 4, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of foregoing Reply Memorandum in Support of Defendant Charles Wright's Motion to Dismiss Plaintiffs' Complaint was served upon Michael E. Avakian, Esq., Smetana & Avakian, 5211 Port Royal Road, Suite 103, Springfield, VA 22151; Carol Chandler, Esq. and Geoffrey R. Bok, Esq., Stoneman, Chandler & Miller LLP, 99 High Street, Boston, MA 02110 and Mickey Long, Esq., Ironworkers Local 7, 193 Old Colony Avenue, South Boston, MA 02127 via first class mail, postage prepaid, this 4th day of April, 2005.

                                                /s/ Mary T. Sullivan
                                                Mary T. Sullivan