# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ———————————————————— )<br>AMERICAN STEEL ERECTORS, INC., et al.  )<br> )<br>Plaintiffs,  )<br> )<br>v.  )<br> )<br>LOCAL UNION NO. 7, INTERNATIONAL  )<br>ASSOCIATION OF BRIDGE,  )<br>STRUCTURAL, ORNAMENTAL &  )<br>REINFORCING IRON WORKERS, and  )<br> )<br>CHARLES WRIGHT, and  )<br> )<br>STEEL ERECTION AND ORNAMENTAL  )<br>IRON INDUSTRY ADVANCEMENT FUND,  )<br> )<br>Defendants.  )<br>———————————————————— ) | Case No. 1:04-cv-12536-RGS |

## <u>ANSWER OF IRON WORKERS LOCAL 7</u>

Defendant Iron Workers Local 7 (herein, "Local 7") answers as follows:[1]

The first, unnumbered paragraph contains a statement of Plaintiffs' Complaint to as to which Local 7 is required neither to admit nor deny.

1. Paragraph 1 contains characterizations of Plaintiffs' Complaint as to which Local 7 is required neither to admit nor deny. To the extent Paragraph 1 contains allegations of fact, Local 7 denies them.

---

[1] Charles Wright was dismissed by Order of the Court dated June 10, 2005. Plaintiffs voluntarily dismissed the Steel Erection and Ornamental Iron Industry Advancement Fund on March 29, 2005. Moreover, Local 7 is not required to answer Paragraphs 178-192 of the Complaint comprising Counts V-VII because said Counts were dismissed by this Court by Order on Motion of Defendant Local 7 to Dismiss Counts V-VII of Plaintiffs' Complaint, entered on February 6, 2006.

2.  Local 7 admits that Plaintiff American Steel Erectors, Inc. (herein, "ASE") is engaged in the business of erection and installation of steel products and that ASE is not a signatory to a collective bargaining agreement with Local 7.  Further answering, Local 7 is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 2 and therefore denies them.

3.  Local 7 admits that Plaintiff Ajax Construction Co., Inc. (herein, "Ajax") is engaged in the business of erection and installation of steel products and that Ajax is not a signatory to a collective bargaining agreement with Local 7.  Further answering, Local 7 is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 3 and therefore denies them.

4.  Local 7 admits that Plaintiff American Aerial Services, Inc. (herein, "American Aerial") is engaged in the business of erection and installation of steel products and that American Aerial is not a signatory to a collective bargaining agreement with Local 7.  Further answering, Local 7 is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 4 and therefore denies them.

5.  Local 7 admits that Plaintiff Bedford Ironworks, Inc. (herein, "Bedford") is engaged in the business of erection and installation of steel products and that Bedford is not a signatory to a collective bargaining agreement with Local 7.  Further answering, Local 7 is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 5 and therefore denies them.

6.  Local 7 admits that Plaintiff D.F.M. Industries, Inc. (herein, "D.F.M.") is engaged in the business of erection and installation of steel products and that D.F.M. is not a signatory to a collective bargaining agreement with Local 7.  Further answering, Local 7 is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 6 and therefore denies them.

7.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 7 and therefore denies them.  Further answering, this allegation concerns Independent Welding,

d/b/a Ronald Beauregard, and on February 13, 2006, a Notice of Voluntary Dismissal by Ronald Beauregard was entered on the docket.

8.  Local 7 admits that it is a labor organization within the meaning of the National Labor Relations Act.  Local 7 admits that Charles Wright is an industry analyst and former President of Local 7.  Local 7 admits it has a principal place of business at 195 Old Colony Avenue, South Boston, MA 02127.  Local 7 denies that Paul DiPietro, John Hurley, James Coyle, Edwin Wright and James Brown at all relevant times have been agents of Local 7 and are authorized to act for and on behalf of Local 7.  Local 7 admits that it is larger than any of its sister locals in New England.

9.  Local 7 denies the allegations of Paragraph 9.

10.  Local 7 denies the allegations of Paragraph 10.

11.  Paragraph 11 contains conclusions of laws as to which Local 7 is required neither to admit nor deny.

12.  Local 7 admits that venue properly lies in the District of Massachusetts.

13.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 13 and therefore denies them.

14.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 14 and therefore denies them.

15.  Paragraph 15 contains characterizations of Plaintiffs' claims as to which Local 7 is required neither to admit nor deny.

16.  Local 7 admits that Construction Welding Services Corporation (herein, "Construction Welding") is engaged in the business of providing steel erection services and that Construction Welding has a collective bargaining agreement with Local 7.  Local 7 specifically

denies the "co-conspirator" allegation of this Paragraph and every other Paragraph of Plaintiffs'
Complaint.  Further answering, Local 7 denies the remaining allegations of Paragraph 16.

17.  Local 7 admits that FAMM Steel Inc. is a steel fabricator that does not have a
collective bargaining agreement with Local 7.  Further answering, Local 7 is without sufficient
knowledge to admit or deny the remaining allegations of Paragraph 17 and therefore denies
them.

18.  Local 7 admits that Canatel Industries, Inc. (herein, "Canatel") is engaged in the
business of fabricating and erecting steel.  Local 7 denies the last sentence in Paragraph 18.
Further answering, Local 7 is without sufficient knowledge to admit or deny the remaining
allegations and therefore denies them.

19.  Local 7 admits that Capco Steel Corp. (herein, "Capco") is in the business of
fabricating steel, has a place of business in Providence, Rhode Island and is a member of the
Building Trades Employers' Association of Boston and Eastern Massachusetts (herein,
"BTEA"), which has a collective bargaining agreement with Local 7.  Further answering, Local
7 denies the remaining allegations of Paragraph 19.

20.  Local 7 admits that Universal Steel Erectors, Inc. (herein, "Universal Steel") is
engaged in the erection of steel structures and is currently a signatory to a collective bargaining
agreement with Local 7.  Local 7 states further that Universal Steel may not have been a
signatory contractor during all times material to the matters raised in Plaintiffs' Complaint.
Further answering, Local 7 is without sufficient knowledge to admit or deny the remaining
allegations of Paragraph 20 and therefore denies them.

21.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph
21 and therefore denies them.

22.  Local 7 admits that the BTEA is a multi-employer association that engages in collective bargaining with Local 7 on behalf of BTEA's member steel erector companies.  Local 7 admits the BTEA has its principal place of business in Quincy, Massachusetts.  Answering further, Local 7 denies the remaining allegations of Paragraph 22.

23.  Local 7 admits that Local 37 is a labor organization, an affiliate of the International Association of Bridge Structural Ornamental and Reinforcing Iron Workers (herein, "IA") with a principal place of business in Providence, Rhode Island.  Local 7 denies the remaining allegations of Paragraph 23.

24.  Local 7 admits that Local 57 is a labor organization, an affiliate of the IA, with a principal place of business in Worcester, Massachusetts.  Answering further, Local 7 denies the remaining allegations of Paragraph 24.

25.  Local 7 admits that Local 357 was a labor organization and an affiliate of the IA, with a principal place of business in Chicopee Falls, Massachusetts until Local 357 was merged with Local 7 in 2003.  Answering further, Local 7 denies the remaining allegations of Paragraph 25.

26.  Local 7 admits that Local 474 is a labor organization, an affiliate of the IA, with a principal place of business in Manchester, New Hampshire.  Answering further, Local 7 denies the remaining allegations of Paragraph 26.

27.  Local 7 admits that Local 496 is a labor organization, an affiliate of the IA, with a principal place of business in Clinton, Maine.  Answering further, Local 7 denies the remaining allegations of Paragraph 27.

28.  Paragraph 28 contains no factual allegations requiring a response.

29.  Local 7 denies that the allegations of Paragraph 29 accurately describe any "relevant market" for anti-trust purposes.

30.  Local 7 denies that the allegations of Paragraph 30 define in any way "structural steel erection."

31.  Local 7 admits that a "Local 7 contractor" is a contractor signatory to a collective bargaining agreement with Local 7.  Answering further, Local 7 denies remaining allegations of Paragraph 31.

32.  Local 7 admits that a "non-Local 7 contractor" is a contractor who does not have a collective bargaining agreement with Local 7.  Answering further, Local 7 denies remaining allegations of Paragraph 32.

33.  Local 7 admits that "non-labor businesses" may include developers, building owners, building management and other market participants who contract for steel erection services and who have no collective bargaining agreement with Local 7.  Answering further, Local 7 denies the remaining allegations of Paragraph 33.

34.  Local 7 admits that the job target fund refers to a program financed by dues deductions from hourly wages.  Answering further, Local 7 denies the remaining allegations of Paragraph 34.

35.  Local 7 denies the allegations of Paragraph 35.

36.  Local 7 admits that Plaintiffs generally have less expensive wage rates and employee benefit costs than Local 7 signatory contractors.  Answering further, Local 7 denies the remaining allegations of Paragraph 36.

37.  Local 7 admits that its collective bargaining agreement with BTEA contains a lawful jobsite subcontracting clause and denies the remaining characterizations of the contract

agreements.  Answering further, Local 7 is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 37 and therefore denies them.

38.  Local 7 admits that the market for steel erection services is competitive and that competition exists between and among Local 7 contractors and non-Local 7 contractors. Answering further, Local 7 is without sufficient knowledge to admit or deny the reamining allegations of Paragraph 38 and therefore denies them.

39.  The allegations of Paragraph 39 are denied.

40.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 40 and therefore denies them.

41.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 41 and therefore denies them.

42.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 42 and therefore denies them.

43.  Local 7 denies that Plaintiffs were unable to compete for work on the Big Dig or other projects covered by a project labor agreement.  Answering further, Local 7 is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 43 and therefore denies them.

44.  Local 7 admits that the market for steel erection services is competitive and that both Local 7 signatory contractors and non-Local 7 signatory contractors compete for work in the geographic area within Local 7's jurisdiction.  Answering further, the remaining allegations of Paragraph 44 are denied.

45.  Local 7 admits that Local 7 signatory contractors compete against non-union contractors, including Plaintiffs, who generally pay substantially less in the overall wages and

benefits package to their employees.  Local 7 further admits that it uses money deducted from its members' dues to provide relief from the constraints of the wages and benefits provisions of the collective bargaining agreement.  Answering further, Local 7 denies the remaining allegations of Paragraph 45.

46.  Local 7 denies that Plaintiffs were excluded from bidding on any of the projects referred to in the first sentence of Paragraph 46.  Local 7 admits that it used money designated by its members for job targeting purposes to provide relief from the constraints of the wages and benefits provisions of the collective bargaining agreement.  Answering further, Local 7 denies the remaining allegations of Paragraph 46.

47.  Local 7 admits that the job target funds enable Local 7 contractors to compete against the Plaintiffs.  Local 7 denies the remaining allegations of Paragraph 47.

48.  Local 7 denies the allegations of Paragraph 48.

49.  Local 7 denies the allegations of Paragraph 49.

50.  Local 7 denies the allegations of Paragraph 50.

51.  Local 7 denies the allegations of Paragraph 51.

52.  Local 7 denies the allegations of Paragraph 52.

53.  Local 7 denies the allegations of Paragraph 53.

54.  Local 7 denies the allegations of Paragraph 54.

55.  Local 7 admits that its members have agreed to contribute a portion of their dues to a market recovery program (also referred to as a job targeting program), and that Local 7 requested that employers remit members' dues (a portion of which members agreed to be utilized for their market recovery program) to Local 7.  Answering further, Local 7 states that the decision to provide job target funds to any project is solely and exclusively within the control of Local 7.

Local 7 admits the final sentence of Paragraph 55.  Answering further, Local 7 denies the remaining allegations of Paragraph 55.

56.  Local 7 is without sufficient knowledge to admit or deny the allegations contained in the first sentence in Paragraph 56 and therefore denies them.  Answering further, Local 7 denies the remaining allegations of Paragraph 56.

57.  The first sentence of Paragraph 57 calls for a legal conclusion as to which Local 7 is required neither to admit nor deny.

58.  Local 7 denies the allegations of Paragraph 58 and 58a-g.

59.  Local 7 denies the allegations of Paragraph 59.

60.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 60 and therefore denies them.

61.  Local 7 denies the allegations of Paragraph 61.

62.  Local 7 admits that it has used target funds to provide relief from the constraints of the collective bargain agreement's wages and benefits provisions.  Further answering, Local 7 denies the remaining allegations of Paragraph 62.

63.  Local 7 denies the allegations of Paragraph 63.  Answering further, Local 7 states that area standards picketing and top-down organizing are protected by the National Labor Relations Act.

64.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 64 and therefore denies them.

65.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 65 and therefore denies them.

66.  Local 7 denies the allegations of Paragraph 66.

67.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 67 and therefore denies them.

68.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 68 and therefore denies them.

69.  Local 7 admits that Universal Steel received job target funds on the Catholic Medical Center Project.  Answering further, Local 7 denies the remaining allegations of Paragraph 69.

70.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 70 and therefore denies them.

71.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 71 and therefore denies them.

72.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 72 and therefore denies them.

73.  Local 7 denies the allegations of Paragraph 73.

74.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 74 and therefore denies them.

75.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 75 and therefore denies them.

76.  Local 7 denies the allegations of Paragraph 76.

77.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 77 and therefore denies them.

78.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 78 and therefore denies them.

79.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 79 and therefore denies them.

80.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 80 and therefore denies them.

81.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 81 and therefore denies them.

82.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 82 and therefore denies them.

83.  Local 7 admits that job target funds were used on the Stop & Shop Warehouse project.  Answering further, Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 83 and therefore denies them.

84.  Local 7 admits that job target funds were used on the Stop & Shop Warehouse project.

85.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 85 and therefore denies them.

86.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 86 and therefore denies them.

87.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 87 and therefore denies them.

88.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 88 and therefore denies them.

89.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 89 and therefore denies them.

90.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 90 and therefore denies them.

91.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 91 and therefore denies them.

92.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 92 and therefore denies them.

93.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 93 and therefore denies them.

94.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 94 and therefore denies them.

95.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 95 and therefore denies them.

96.  Local 7 is without sufficient knowledge of to admit or deny allegations of Paragraph 96 and therefore denies them.

97.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 97 and therefore denies them.

98.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 98 and therefore denies them.

99.  Local 7 admits that Construction Welding received job target funds.  Answering further, the remaining allegations of Paragraph 99 are denied.

100.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 100 and therefore denies them.

101.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 101 and therefore denies them.

102.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 102 and therefore denies them.

103.  Local 7 admits that Capco received job target funds.  Answering further, Local 7 is without sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

104.  Local 7 is without sufficient knowledge of the allegations of Paragraph 104 and therefore denies them.

105.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 105 and therefore denies them.

106.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 106 and therefore denies them.

107.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 107 and therefore denies them.

108.  Local 7 admits that Universal Steel received job target funds on the project and that Universal Steel was awarded the contract.  Answering further, Local 7 denies the remaining allegations of Paragraph 108.

109.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 109 and therefore denies them.

110.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 109 and therefore denies them.

111.  Local 7 admits that Construction Welding received job target funds and that it was awarded the project.  Answering further, Local 7 denies the remaining allegations of Paragraph 111.

112.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 112 and therefore denies them.

113.  Local 7 admits that the Stearns Company received job target funds and performed the work on the Jordan's Furniture project.

114.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 114 and therefore denies them.

115.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 115 and therefore denies them.

116.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 116 and therefore denies them.

117.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 117 and therefore denies them.

118.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 118 and therefore denies them.

119.  Local 7 admits that a Local 7 signatory contractor received job target funds and performed work on the Showcase Cinemas project.  Answering further, Local denies the remaining allegations of Paragraph 119.

120.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 120 and therefore denies them.

121.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 121 and therefore denies them.

122.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 122 and therefore denies them.

123.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 123 and therefore denies them.

124.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 124 and therefore denies them.

125.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 125 and therefore denies them.

126.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 126 and therefore denies them.

127.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 127 and therefore denies them.

128.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 128 and therefore denies them.

129.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 129 and therefore denies them.

130.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 130 and therefore denies them.

131.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 131 and therefore denies them.

132.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 132 and therefore denies them.

133.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 133 and therefore denies them.

134.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 134 and therefore denies them.

135.  Local 7 admits that it provided job target funds to Bell-Lin Corporation.  Answering further, Local 7 is without sufficient knowledge to admit or deny the remaining allegations of Paragraph 135.

136.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 136 and therefore denies them.

137.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 137 and therefore denies them.

138.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 138 and therefore denies them.

139.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 139 and therefore denies them.

140.  Local 7 denies the allegations of Paragraph 140.

141.  Local 7 denies the allegations of Paragraph 141.

142.  Local 7 denies the allegations of Paragraph 142.

143.  Local 7 is without sufficient knowledge to admit or deny the allegations of Paragraph 143 and therefore denies them.

144.  Local 7 denies the allegations of Paragraph 144.

145.  Local 7 admits that some of its signatory contractors, including Construction Welding and Universal Steel, received job target funds and were awarded jobs as steel erectors. Answering further, Local 7 denies the remaining allegations of Paragraph 145, including the definition of the "Relevant Market."

146.  Local 7 denies the allegations of Paragraph 146.

147.  Local 7 denies the allegations of Paragraph 147.

148.  Local 7 denies the allegations of Paragraph 148.

149.  Local 7 denies the allegations of Paragraph 149.

150.  Local 7 denies the allegations of Paragraph 150.

151.  Local 7 denies the allegations of Paragraph 151.

152.  Local 7 denies the allegations of Paragraph 152.

153.  Local 7 denies the allegations of Paragraph 153.

154.  Local 7 denies the allegations of Paragraph 154.

155.  Local 7 denies the allegations of Paragraph 155.

156.  Local 7 denies the allegations of Paragraph 156.

157.  Local 7 denies the allegations of Paragraph 157.

158.  Local 7 denies the allegations of Paragraph 158.

159.  Local 7 denies the allegations of Paragraph 159.

160.  Local 7 denies the allegations of Paragraph 160.

161.  Local 7 denies the allegations of Paragraph 161.

162.  Local 7 denies the allegations of Paragraph 162.

163.  Local 7 denies the allegations of Paragraph 163.

164.  Local 7 denies the allegations of Paragraph 164.

165.  Local 7 denies the allegations of Paragraph 165.

166.  Local 7 denies the allegations of Paragraph 166.

167.  Local 7 denies the allegations of Paragraph 167.

168.  Local 7 denies the allegations of Paragraph 168.

169.  Local 7 denies the allegations of Paragraph 169.

170.  Local 7 denies the allegations of Paragraph 170.

171.  Local 7 denies the allegations of Paragraph 171.

172.  Local 7 denies the allegations of Paragraph 172.

173.  Local 7 denies the allegations of Paragraph 173.

174.  Local 7 denies the allegations of Paragraph 174.

175.  Local 7 denies the allegations of Paragraph 175.

176.  Local 7 denies the allegations of Paragraph 176.

177.  Local 7 denies the allegations of Paragraph 177.

The last, unnumbered paragraph calls for claims for relief as to which no answer is required.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or part, because this Court lacks jurisdiction over the subject matters of this action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or part, because the Complaint fails to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or part, by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or part, by the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or part, by estoppel.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or part, because any harm to the Plaintiffs was caused by Plaintiffs' own acts and not by any acts of Local 7.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or part, by waiver.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendant are time-barred, in whole or part.

### NINETH AFFIRMATIVE DEFENSE

Plaintiffs' anti-trust claims against Defendant are preempted by the National Labor Relations Act, as amended, and other federal law.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs' anti-trust claims against Defendant are barred, in whole or part, by the statutory labor exemption to the federal anti-trust laws.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' anti-trust claims against Defendant are barred, in whole or part, by the non-statutory labor exemption to the federal anti-trust laws.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' request for relief under anti-trust laws against Defendant is barred by federal labor law's exclusive remedies.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' anti-trust claims against Defendant are barred because there is no injury to the relevant market.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' anti-trust claims against Defendant are barred because Plaintiffs lack standing to bring the claims.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' anti-trust claims against Defendant are barred, in whole or in part, by the Noerr-Pennington doctrine.


WHEREFORE, Iron Workers Local 7 respectfully submits that the Complaint be dismissed against it with prejudice, that judgment should enter in its favor, and that Local 7 be awarded reasonable fees and costs and other such further relief as the Court deems just and proper.

Respectfully submitted,

LOCAL UNION NO. 7, INTERNATIONAL
ASSOCIATION OF BRIDGE, STRUCTURAL,
ORNAMENTAL & REINFORCING IRON
WORKERS

By its attorneys,

/s/Paul F. Kelly
Paul F. Kelly, Esq. (BBO #267000)
Burton E. Rosenthal, Esq. (BBO #429220)
Indira Talwani, Esq. (BBO# BBO #645577)
Stephanie R. Pratt, Esq. (BBO #655108)
SEGAL, ROITMAN & COLEMAN
11 Beacon Street
Boston, MA  02108
(617) 742-0208

/s/Mickey Long
Mickey Long, Esq. (BBO #634388)
193 Old Colony Avenue
Box E-1
South Boston, MA  02127
(617) 269-0229

Dated: February 16, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that this Answer of Iron Workers Local 7 filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing on February 16, 2006.

/s/ Paul F. Kelly
Paul F. Kelly, Esq.

PFK/4929/04528/Answer.doc