# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN STEEL ERECTORS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LOCAL UNION NO. 7, INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL & REINFORCING IRON WORKERS, *et al.*, <br><br> Defendants. | ) ) ) ) ) ) ) Case No. 04-cv-12536-RGS ) ) ) ) ) ) ) ) |

## PARTIES PROPOSED AGENDA FOR SCHEDULING CONFERENCE AND JOINT STATEMENT

### PROPOSED AGENDA

The parties are not in agreement as to the manner in which the case will be litigated. Each position of the parties in response to the Court's Notice of Scheduling Conference are stated separately below.

### PLAINTIFFS' PROPOSED AGENDA

Plaintiffs propose that the Scheduling Conference address the following topics:

a) Discovery will be needed on the following subjects:

- Liability, damages, affirmative defenses and the Plaintiffs' claims;

- Relevant market for anti-trust claim; and,

- Damages/expert discovery.

b) The cost and prospect of phased discovery.

c) The time for filing dispositive motions.

d) Alternate Dispute Resolution.

   e)  Need for periodic status conferences.

**DEFENDANT IRON WORKERS LOCAL 7'S PROPOSED AGENDA**

   a)  Phased Discovery

   b)  Schedule for Resolving Anti-Trust Counts and Job Targeting Claims

   c)  Further Discovery

   d)  Updating Case Caption

**(1)** **JOINT DISCOVERY PLAN**.  The parties propose two different discovery plans to the Court.

  **(a) & (b)**  **Plaintiffs' Proposed Discovery Plan**:

Despite efforts to present a common strategy for presenting this case to the Court, the parties are not able to agree.  Plaintiffs' proposal follows:

   i)  Plaintiffs propose initial disclosures by April 21, 2006.

   ii)  Plaintiffs' propose a maximum of  25 interrogatories per side.

   iii)  Plaintiffs propose 100 requests for admission by each party to any other party.

   iv)  Plaintiffs propose maximum of 20 depositions per side on the merits and liability phase of the case.

   v)  Plaintiffs propose each deposition [other than of retained experts] shall be limited to a maximum of 7 hours, unless extended by agreement of parties.

   vi)  Plaintiffs propose fact discovery cut-off on December 31, 2006.

   vii)  Plaintiffs propose reports from retained experts under Rule 26(a)(2) are due under this case management plan by March 1, 2007.  Deposition of Plaintiffs' proposed expert to be taken by April 15, 2007.  Deposition of Defendant's expert to be taken

by June 1, 2007.  Rebuttal Reports due August 15, 2007.

**(2)** **SCHEDULE FOR FILING MOTIONS.**

a.  Plaintiffs propose time for the parties to amend is hereby established as 45 days after any Motion to Dismiss or Motion to Amend is ruled upon.  Plaintiffs may move to add counts or parties by September 21, 2006.

b.  Plaintiffs propose all dispositive motions must be made 45 days after the completion of all discovery, including expert discovery, unless otherwise ordered by the court.  Responses are due thirty days after service of such motion.

\* \* \*

**(a) & (b)  Defendant Iron Workers Local 7's Proposed Discovery Plan**

Iron Workers Local 7 proposes phased discovery in accordance Local Rule 26.3.  Phase I discovery (including automatic disclosures) will be limited as set forth in Part I below.  Phase II discovery will proceed in accordance with Part II below.

Part I – Phase I Discovery

Phase I discovery shall be limited to that discovery, if any, necessary to resolve Local 7's Motion for Summary Judgment on Counts I-III and its Motion for Dismissal or Partial Summary Judgment on Job Targeting Claims in Count IV ("Local 7's Dispositive Motions"), independently of the remaining LMRA allegations, which will be filed prior to the Scheduling Conference.  Local 7 requests, in its Motions and in this proposed phasing schedule, to first address the anti-trust counts and the job targeting allegations as the central claims in the Complaint.

The scope of any Phase I discovery shall be determined by the Court after resolution of a Rule 56(f) Motion to be filed by Plaintiffs by April 20, 2006.  Defendant's Response to the

- 3 -

Motion shall be filed by May 20, 2006.  A hearing on the Motion, if necessary, shall be scheduled on a date determined by the court.

If any discovery is permitted by an order on Plaintiffs' 56(f) Motion, the parties shall complete such discovery within six (6) months of the date of the Court's Order on the Rule 56(f) Motion.

If no discovery is permitted in response to the Rule 56(f) Motion, Phase II discovery shall commence within 30 days after disposition of Local 7's Dispositive Motions by an exchange of proposals to discovery event limitations as set forth in Phase II.

Part II – Phase II Discovery

Phase II discovery shall be governed by a scheduling conference following disposition of the Defendant's Dispositive Motions.  Prior to the commencement of Phase II discovery the parties will reassess the case for the purpose of settlement and propose any changes to the discovery event limitations contained in Rule 26.1(C).  The court will consider those proposals in light of the factual issues remaining in the case and issue any appropriate orders.

**(2)  DEFENDANT IRON WORKERS LOCAL 7'S PROPOSED SCHEDULE FOR FILING MOTIONS.**

a. Parties may move to amend pleadings and add counts by motion made no later than June 1, 2006, and parties will be given the opportunity to oppose said motion.

b. All dispositive motions must be made 45 days after the completion of all discovery, including expert discovery.

**(3)  CERTIFICATIONS**. Certifications of client and counsel showing they have each conferred to be filed separately.

### (4) STATEMENT OF EXCEPTIONAL CIRCUMSTANCES JUSTIFYING MORE THAN 270 DAYS OF DISCOVERY.

The possibility that discovery would extend beyond 270 days is justified by the length and breadth of the anti-trust and LMRA matters in the Complaint. Plaintiffs also contend that this antitrust case requires additional documentation and examination of the relevant market and market power of the Defendants that can only be confirmed through third-party discovery authorized by the Court (whereas Defendant contends these issues may be mooted or narrowed by the outcome of dispositive motions).

Respectfully submitted,

| FOR PLAINTIFFS: | FOR DEFENDANTS: |
|---|---|
| By their attorneys, | /s/ Paul F. Kelly |
| Carol Chandler (BBO # 080660) | Paul F. Kelly |
| Geoffrey R. Bok (BBO # 550851) | Segal, Roitman & Coleman |
| STONEMAN, CHANDLER & MILLER LLP | 11 Beacon Street |
| 99 High Street | Boston, MA 02108 |
| Boston, MA 02110 | |
| (617) 542-6789 | |
| | |
| /s/ Michael E. Avakian | |
| Michael E. Avakian | |
| SMETANA & AVAKIAN | |
| 5211 Port Royal Road, Suite 610 | |
| Springfield, VA 22151 | |
| (703) 321-9181 | Dated: March 16, 2006 |