UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN STEEL ERECTORS, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LOCAL UNION NO. 7, INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL & REINFORCING IRON WORKERS,<br><br>    Defendant. | Case No. 04-cv-12536-RGS |

## AGREED CONFIDENTIALITY ORDER

This matter coming to be heard on the Parties' stipulated agreement for the entry of an order regarding discovery of Confidential Material, as that term is defined in this Agreed Confidentiality Order ("Order"), the Court orders as follows:

1.  In order to facilitate the prompt and consistent resolution of disputes over confidentiality of discovery material, protect adequately material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to Fed. R. Civ. P. 26(c), the Parties have consented to this Order. The Court, therefore, finds that good cause exists for the entry of this Order.

2.  In accordance with the stipulation of the Plaintiffs, by and through counsel of record, and the Defendant, Local Union No. 7, International Association of Bridge, Structural, Ornamental &Reinforcing Iron Workers ("Local 7"), by and through counsel of record, the Court enters this Order.

3.  For purposes of this Order, "Confidential Material" means documents, information or materials that either Party has produced or hereafter produces only in the categories described in (A) and (B) below,  if the producing Party also designates the documents as Confidential Material  ; provided that a designation of Confidential Material constitutes a certification by the designating Party that the material and the information contained therein (1) has been maintained by the designating Party as confidential; (2) is unavailable or unknown both to the public and to the non-supervisory employees of Plaintiffs or rank and file members of Local 7, respectively; (3) the disclosure of which is reasonably likely to lead to substantial injury to the producing Party, and (4) which the designating Party contends is entitled to protection under the standards of Rule 26(c). Confidential Material may be either:

    (A) information the Parties have agreed is entitled to protection under Rule 26(c), that being only: current bid information for projects or portions of projects that have not yet been awarded, and/or job estimating information directly relating to such current bids for projects that have not yet been awarded;

    (B) information regarding which the Parties have been unable to reach an agreement concerning protection under Rule 26(c), that being specifically: financial records describing the Plaintiffs' earnings .

Only documents containing Confidential Material in the specified categories shall be so designated, and any designation pursuant to subparagraph (B) shall be considered provisional only and subject to review by the Court at the request of either party, under the standards of Rule 26(c).The Parties have agreed that bids for projects or portions of projects that have already been awarded, and the estimating or bidding information relating to such bids shall not be designated as confidential under this section. Nor shall estimating or bidding information that is initially marked confidential retain any confidential status after a particular project or portion of a project has been awarded.

  4. This Order shall be applicable to the Confidential Material itself, all portions of depositions relating to such Confidential Material, all answers to interrogatories containing such Confidential Material, all requests for admissions containing such Confidential Material, all other forms of discovery containing such Confidential Material, and any documents, information and things or other materials produced by either Party pursuant to any alternative dispute resolution proceeding or trial.

  5. Confidential Material shall be used by the Plaintiffs and Local 7 and the counsel for those Parties solely for the purpose of conducting this litigation.

  6. Confidential Material may be disclosed only to the following persons:

  a. The Parties;

  b. Counsel for the Parties and all paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel, who shall be advised of the provisions of this Order;

  c. Independent experts or consultants of the Parties who are not employed by those Parties and who have been expressly retained to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work;

  d. Persons who have been noticed for deposition or who have been or may be designated as trial witnesses to the extent reasonably necessary in preparing to testify;

  e. Any person of whom testimony is taken, except that such person may only be shown copies of Confidential Material during his or her testimony, and may not retain any Confidential Material;

    f. The Court, its personnel and the jury;

    g. Court reporting personnel involved in taking or transcribing testimony in this action; and

    h. Any person that the Court designates in the interest of justice, upon terms that the Court deems proper.

    7.    a. The Parties and counsel for the Parties and their paralegal assistants, stenographic and clerical employees shall have access to the Confidential Material without the execution of any further agreement. The "Parties", for the purposes of this paragraph, shall be limited to Plaintiffs' corporate officers and Defendant's Business Manager.

    b. Access to the Confidential Material shall be allowed to the independent experts or consultants and persons who have been noticed for deposition or who have been or may be designated as trial witnesses, only after the person has been made aware of the provisions of this Order and has manifested his or her assent to be bound thereby by signing a copy of the Acknowledgment of Confidential Material attached hereto as Exhibit A. Each such Acknowledgment of Confidential Material shall be maintained by the Party providing the Confidential Material to the independent experts or consultants until such time as the Parties are required to disclose expert witnesses. At that time copies of the Acknowledgements of Confidential Material signed by independent experts and consultants who the Parties intend to use at trial and trial witnesses shall be provided to Counsel for the Parties. Acknowledgements of Confidential Material signed by competitors of Plaintiffs shall be provided to Counsel for the Plaintiffs within three (3) business days after execution. The persons receiving or being advised of the Confidential Material are hereby enjoined from using or disclosing the Confidential Material to any other person except in conformance with this Order.

    8.    Each individual who receives the Confidential Material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

    9.    The recipient of the Confidential Material shall exercise due and proper care to secure the storage, custody, use, copying and/or dissemination of such information so that it is only utilized under the direction of counsel.

    10.    In the case of depositions, the following procedures shall be followed: a. Designation of the portion of the transcript (including exhibits) which refers to the Confidential Material shall be made either by a statement to such effect on the record in the course of the deposition, or upon review of such transcript by opposing counsel. Notification to opposing counsel shall occur within 10 business days after opposing counsel's receipt of the transcript. Counsel shall list on a separate piece of paper the numbers of the pages of the transcript referring to the Confidential Material, inserting the list at the end of the transcript and mailing copies of the list to counsel for all Parties so that it may be affixed to the face of the transcript and each copy thereof. If the Confidential Material is about to be disclosed at the deposition, opposing counsel may, either orally or by way of documentation, request that all persons, other than the persons who are entitled to have access to such material under this Order, leave a deposition

room during the confidential portion of the deposition. The failure of such other persons to comply with a request of this type shall constitute substantial justification for counsel to advise the witness that he or she need not answer the question;

      11.      Method of designation of other documents. A producing Party shall designate information as Confidential Material by stamping any document containing such information with the word "Confidential" or, within ten (10) days of this Order or contemporaneously with production, designating such documents as "Confidential" by reference to Bates number.

      12.      Challenges to Designation of Confidentiality. If any Party believes that a document stamped "Confidential" does not contain Confidential Material, upon such Party's request the producing Party shall set forth the basis for a good faith belief that the document is entitled to protection under Rule 26(c). The Parties shall first make a good faith effort to resolve such dispute. In the event that such a dispute is not resolved by the Parties, any Party may apply to the Court for a determination of whether the document is included within categories described in subparagraphs 3(A) and (B) above and is entitled to protection under Rule 26(c). Such application may be made at any time, provided that prior to a determination by the Court that the designated document does not contain or may not be designated as Confidential Material, any document within categories described in subparagraphs 3(A) and (B) above shall be treated as containing Confidential Material.

      13.      Documents and portions of deposition transcripts designated as Confidential may be filed with the court clerk when used in support of or in opposition to motions under Fed. R. Civ. P. 56 or other matters pending before trial. Documents and portions of deposition transcripts designated as Confidential Material may be offered in evidence at trial or any court hearing subject to the rules of evidence. In order to protect the Parties' rights to seek impoundment of Confidential Material under Local Rule 7.2, no fewer than five days before any designated document or portion of deposition transcript is to be filed, or as soon as practicable if five days' notice cannot be given, a Party intending to include such a document in any filing or to offer such a document shall give written notice of that Party's intent in order to allow the objecting Party to file a motion for impoundment pursuant to Local Rule 7.2.

      14.      Within 60 calendar days of the termination of litigation between the Parties, the Confidential Material and all copies thereof shall be returned to respective counsel.

      15.      This Court shall retain jurisdiction to enforce of the provisions of this Order. In the event that any Party claims that the confidentiality provisions set forth herein have been violated, that Party shall have the burden of establishing that a particular person subject to this Order disclosed Confidential Material in breach of this Order, that the source of the disputed information was Confidential Material provided hereunder and that the Party suffered actual damages.

DATED:_____, 2006.

ENTER:_____
        United States District Judge

Prepared and Approved by:

| FOR PLAINTIFFS: | FOR DEFENDANTS: |
|---|---|
| By their attorneys, | |
| | /s/ Paul F. Kelly |
| Carol Chandler, Esq. (BBO # 080660) | Paul F. Kelly, Esq. (BBO #267000) |
| Geoffrey R. Bok, Esq. (BBO # 550851) | Burton E. Rosenthal, Esq. (BBO #429220) |
| STONEMAN, CHANDLER & MILLER LLP | Indira Talwani, Esq. (BBO # 645577) |
| 99 High Street | Stephanie R. Pratt, Esq. (BBO #665108) |
| Boston, MA  02110 | 11 Beacon Street |
| (617) 542-6789 | Boston, MA 02108 |
| | (617) 742-0208 |
| /s/ Michael E. Avakian | /s/Mickey Long |
| Michael E. Avakian, Esq. | Mickey Long, Esq. (BBO #634388) |
| SMETANA & AVAKIAN | 193 Old Colony Avenue |
| 5211 Port Royal Road, Suite 610 | Box E-1 |
| Springfield, VA 22151 | South Boston, MA 02127 |
| (703) 321-9181 | (617) 269-0229 |

Dated: June 27, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 27, 2006.

/s/Stephanie R. Pratt

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN STEEL ERECTORS, INC., et al.,<br><br>　　　　Plaintiffs,<br><br>　　　　v.<br><br>LOCAL UNION NO. 7, INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL & REINFORCING IRON WORKERS,<br><br>　　　　Defendant. | Case No. 04-cv-12536-RGS |

## EXHIBIT A

### ACKNOWLEDGMENT OF RECEIPT OF MATERIAL SUBJECT TO CONFIDENTIALITY ORDER

I, _____, state that:

　　1.　　My address is _____.

　　2.　　My present employer is _____, and the address of my present employment is _____.

　　3.　　My present occupation or job description is _____.

　　4.　　I hereby acknowledge that I might receive information designated as Confidential Material in this litigation, and I certify my understanding that such information is provided to me pursuant to the terms and restrictions of the CONFIDENTIALITY ORDER issued in this case, that I have been given a copy of and I have read the CONFIDENTIALITY ORDER, that I am familiar with the terms thereof, and that I agree to comply with and to be bound by the terms thereof. Specifically, I understand and agree that by receiving information designated as Confidential Material in this litigation, I subject myself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with or violation of the CONFIDENTIALITY ORDER, and that any violation of the CONFIDENTIALITY ORDER will subject me to the contempt powers of the Court.

　　5.　　I further agree not to reveal any Confidential Material or any notes or results of any tests or analyses containing Confidential Material to anyone not authorized to receive such information pursuant to the terms of the CONFIDENTIALITY ORDER, and I agree not to use,

either directly or indirectly, or allow the direct or indirect use of, any Confidential Material for any purpose other than directly associated with this litigation.

      6.      I understand that I am to retain all copies of the materials that I receive which have been designated Confidential Material in a container, cabinet, drawer, room or other safe place in a manner consistent with the CONFIDENTIALITY ORDER, and that all copies of any such materials are to remain in my custody until I have completed my assigned duties or until my duties are reassigned to a successor who also has agreed in writing to be bound by the terms of the CONFIDENTIALITY ORDER, whereupon the copies of the Confidential Material are to be returned to the disclosing Party. Such return or destruction shall not relieve me from the obligations imposed upon me by the CONFIDENTIALITY ORDER.

Signature: _____

Date: _____, 2006.