UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| AMERICAN STEEL ERECTORS, INC., et al. | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| LOCAL UNION NO. 7, INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL & REINFORCING IRON WORKERS, | ) ) ) ) ) ) | Case No. 1:04-cv-12536-RGS |
| Defendant. | ) ) | |

### DEFENDANT'S REQUEST FOR ORAL ARGUMENT ON UNADDRESSED GROUND FOR SUMMARY JUDGMENT PREVIOUSLY BRIEFED BY THE PARTIES

Pursuant to Local Rule 7.1(d), Defendant Local Union No. 7, International Association of Bridge, Structural, Ornamental & Reinforcing Iron Workers ("Local 7") respectfully requests oral argument on the remaining argument in its previously submitted motion for summary judgment concerning Plaintiffs' antitrust claim, where such argument was fully briefed by the parties and not previously addressed by either this Court or the Court of Appeal.  In support of said request, Local 7 states as follows:

1. On August 6, 2006, Local 7 filed its Amended Motion for Summary Judgment.  (Docket # 58), stating that "[w]ith respect to Counts I – III of the Complaint, Local 7 respectfully shows that no genuine issue of material fact exists to indicate that Local 7 has violated federal antitrust laws, and that it is entitled to summary judgment as a matter of law."

2.      On August 31, 2006, Local 7 filed its Amended Memorandum in Support of the Motion (Docket # 67).  In the Memorandum, Local 7 argued that it was entitled to summary judgment on the antitrust claims because: (a) the alleged antitrust violations were exempt from antitrust scrutiny under the statutory labor exemption (Section III.A.1 of the Amended Memorandum (pages 9 -17)); (b) the alleged antitrust violations were exempt from antitrust scrutiny under the non-statutory labor exemption (Section III.A.2. of the Amended Memorandum (pages 17-23)); <u>and (c) even if neither exemption applied, Local 7 is entitled to summary judgment under antitrust law.</u>   Sections III.A.3., III.B. and III.C. of the Amended Memorandum (pages 23-32).

3.      On September 29, 2006, Plaintiffs filed their Memorandum in Opposition to Local 7's Amended Motion (Docket #67).  The Memorandum acknowledged Local 7's three separate arguments on the antitrust claims (Opposition Memorandum at page 1), and briefed not only the two labor exemptions set forth Plaintiffs' Opposition, but the merits of the antitrust claims.  Opposition Memorandum, pages 18-31.

4.       On October 20, 2006, Local 7 filed its Reply Brief in Support of the Amended Motion (Docket #68).  Again, the Reply Brief addressed the argument that even if the exemptions did not apply, Plaintiffs could not establish an antitrust violation.  Reply Brief, pages 8-9 and 11-15.

5.      On  December 1, 2006, Plaintiffs filed their Surreply Brief  (Docket # 82).  As with the Opposition Memorandum, Plaintiffs addressed not only the exemptions, but also the merits of the antitrust argument.  Reply Brief, pages 3 – 5.

6.      The Court's Memorandum and Order of March 7, 2007 granted Local 7's Motion for Summary Judgment based on the statutory labor exemption.   Memorandum

and Order on Defendant's Motion for Summary Judgment, Docket # 83, at 10-11.  The Court noted that Local 7 had also sought summary judgment based on the non-statutory, but that it did not need to reach that issue definitively because of its decision on the statutory exemption. The Court stated that Local 7 "makes a persuasive case" that the non-statutory exemption applies.  Id. at 11, n.15.  The Court did not address Defendant's third argument as to the merits of the antitrust claim.[1]

7. Plaintiffs appealed the Court's decision to the United States Court of Appeals for the First Circuit, which reversed.  536 F.3d 68.  On the antitrust claim, the Court of Appeals reviewed only the exemption issues.  See Opinion at 10, 536 F.3d at 75 (Local 7 "has raised the statutory and non-statutory exemptions from antitrust liability"); 11, 536 F.3d at 76  ("we turn first to the District Court's finding that Local 7's conduct is protected from antitrust liability by virtue of the statutory labor exemption"); 18, 536 F.3d at 79 (on the non-statutory exemption, the Court "must determine whether Local 7 adduced sufficient evidence to prove its entitlement to that exemption or whether we must remand the question for further development of the record"); 22-23; 536 F.3d at 81 (remanding for further fact-finding "to determine whether Local 7 is protected from antitrust liability by the non-statutory exemption").  The panel explicitly "express[ed] no opinion regarding the substance of Plaintiff's underlying antitrust claim."  Id at note 6, 536 F.3d at 76 n.6.

---

[1] In the context of the discussion of the labor exemptions, the Court did note with regard to Plaintiffs' allegation that the Union "is the instigator of a 'rimless wheel conspiracy'" that though the "imagery of the spoked but rimless wheel is quite vivid, the object of the alleged "rimless wheel" conspiracy is no different than that of the horizontal conspiracy, and therefore no more in violation of the antitrust laws . . . ."  March 7, 2006 Memorandum and Order at 10-11, n. 14.

8. Plaintiffs' claim should "possess enough heft to show that the pleader is entitled to relief" and their task "requires more than labels and conclusions". S.E.C. v.Tambone, __ F.3d __, 2008 WL 5076554*7 (1 Cir. 2008) citing Bell Atlantic v. Twombly, 550 U.S. 544 (2007).  There are no disputed issues of fact that require a trial on the substance of the antitrust claims.

9. Because the portion of Local 7's motion for summary judgment that demonstrated that Plaintiffs' underlying antitrust claim failed on the merits was not reached below or by the Court of Appeals, Local 7 respectfully requests an opportunity to present oral argument on this issue.

> IRON WORKERS, LOCAL 7
> By its attorneys,
>
> /s/ Paul F. Kelly
> Paul F. Kelly, Esq. (BBO #267000)
> Burton E. Rosenthal, Esq. (BBO #429220)
> Indira Talwani, Esq. (BBO # 645577)
> SEGAL ROITMAN, LLP
> 111 Devonshire Street, Fifth Floor
> Boston, MA 02108
> (617) 742-0208

Dated: January 9, 2009

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on January 9, 2009

> /s/ Paul F. Kelly