# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| AMERICAN STEEL ERECTORS, INC., *et al.*,   Plaintiffs,   v.   LOCAL UNION NO. 7, INTERNATIONAL ASSOCIATION OF BRIDGE, STRUCTURAL, ORNAMENTAL & REINFORCING IRON WORKERS, *et al.,*   Defendants. | )  )  )  )  )  )   Case No. 04 cv 12536-RGS  )  )  )  )  )  )  )  ) |

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Respectfully submitted,

AMERICAN STEEL ERECTORS, INC.,
AJAX CONSTRUCTION CO.,
AMERICAN AERIAL SERVICES, INC.,
BEDFORD IRONWORKS, INC.,
D.F.M. INDUSTRIES, INC.

By their attorneys:

Carol Chandler (BBO # 080660)
Geoffrey R. Bok (BBO # 550851)
STONEMAN,CHANDLER & MILLER, LLP
99 High Street
Boston, Massachusetts 02110
(617) 542 – 6789

/s/ Michael E. Avakian
Michael E. Avakian, *pro hac vice*
SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, Virginia 22151
(703) 321 - 9181

Dated: August 18, 2009

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 1


FUNCTIONS OF THE COURT AND JURY

It is now the duty of the Court to instruct you as to the law.  Under our legal system the Court decides all questions of law and procedure arising during a trial and it is the jury's duty to follow the Court's instructions in these matters.

On the other hand, the jury is the sole and exclusive judge of the facts and of the reliability of the evidence.  The jury's power, however, is not arbitrary and if the Court instructs you as to the law on a particular subject or how to judge the evidence, you must follow such instructions.

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 2

CONSIDER ALL EVIDENCE

In determining the facts, you must remember that you are to rely exclusively on the evidence and upon these instructions.  The evidence in this case consists of the sworn testimony of all the witnesses, regardless of who called them, all the exhibits received into evidence, regardless of who introduced them, and all facts that have been admitted by a party or stipulated to by all parties.  Statements, questions and arguments of counsel are not evidence unless made as an admission or stipulation.

You are allowed to consider <u>only</u> the evidence in the case.  Anything you may have seen or heard outside this courtroom concerning the merits of the case is not evidence and must be completely disregarded.

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 3

IMPARTIALITY

You must weigh and consider the evidence in this case without regard to prejudice or bias for or against any party.  You must not let yourself be swayed by sympathy, by prejudice or by public opinion.

Authority:

Reno-West Coast Distribution Co. v. Mead Corp., 613 F2d 722 (9th Cir 1979)

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 4

NOTES

[I want to remind you at this time of the remarks I made to you at the outset of this trial about note-taking.]  If you took notes during the trial, you are to use those notes only as aids to your memory during deliberations.  Your memory, not the notes, must control.  Remember that note-taking can be a distraction:  you may have missed something if you took notes, and different jurors may have taken notes of different parts of the proceedings.  In the haste of note-taking, matters may have been written down inaccurately.  So you should not assume that another juror's recollection of the evidence is more accurate than yours just because he or she may have taken notes.  You should not give any extra consideration to any notes that another juror may have made.


Authority:

See SCM Corp. v. Xerox Corp., 463 F Supp 983 (D Conn 1978), remanded on other grounds, 599 F2d 32 (2d Cir 1979)

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 5
JUDGING WITNESSES

Much of the evidence in this case consists of the sworn testimony of the witnesses.  You are the sole and exclusive judges of the credibility, or believability, of the witnesses who have testified.

In determining how believable a witness is, you may consider any matter that has a rational tendency to prove or disprove the witness' testimony.  Although my list is not complete, I am going to give you some examples of matters that you may consider in determining the believability of a witness:

1.      Whether the witness has any bias, interest, or other motive;

2.      The witness' appearance and behavior while testifying and the way in which he or she testifies;

3.      The nature of the witness' testimony;

4.      What ability the witness had to observe, to remember, or to communicate any matter about which he or she testifies;

5.      What opportunity the witness had to observe any matter about which he or she testifies;

6.      A statement previously made by the witness that is consistent with his or her testimony;

7.      A statement previously made by the witness that is inconsistent with any part of his or her testimony;

8.      The existence or nonexistence of any alleged fact to which the witness has testified; and

9.      The witness' attitude toward this lawsuit or toward the giving of testimony.

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

Even if the testimony of a witness is uncontradicted, and even if the witness is not discredited, you are not required to believe that witness' testimony.  You are free to decide not to believe the witness because of the inherent improbability of the testimony, or for other reasons sufficient for you.  After you make your own judgment, give the testimony of each witness whatever weight, if any, you think it deserves.

Authority:

First Beverages, Inc. v. Royal Crown Cola Co., 612 F2d 1164 (9th Cir 1980)

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 6

IMPEACHING WITNESSES

A witness may be discredited, or, as lawyers say, "impeached," by contradictory evidence, or by evidence that at some other time the witness said or did something that is inconsistent or conflicts with what he or she said during trial.

If a witness is shown to have knowingly given false testimony about any material matter, you have a right to distrust that witness' testimony about other matters, and you may reject all of the witness' testimony or give whatever weight you think it deserves. False testimony is given "knowingly" if it is given voluntarily and intelligently, and not because of a lapse of memory, a mistake, an accident, or some other innocent reason.


Authority:

Reno-West Coast Distribution Co. v. Mead Corp., 613 F2d 722 (9th Cir 1979)

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 7

NUMBER OF WITNESSES

You should not decide a fact merely by counting the number of witnesses or exhibits.

The testimony of one witness is enough to prove a fact.


Authority:

Airweld, Inc. v. Airco, Inc., U.S.D.C. Or. Civ. No. 80 - 356 - RE, 1984-1 Trade Cases ¶ 65,929

19 (1984); First Beverages, Inc. v. Royal Crown Cola Co., 612 F2d 1164 (9th Cir. 1980).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 8

DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence, direct and circumstantial.  Direct evidence is evidence given by a witness who has direct and actual knowledge of a fact.  Circumstantial evidence is evidence from which you may infer the existence of a fact.

A fact may be proved by direct or circumstantial evidence and one is not necessarily more valuable than the other.


Authority:

Reno-West Coast Distribution Co. v. Mead Corp., 613 F2d 722 (9th Cir 1979)


SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 9

OPINION EVIDENCE – EXPERT WITNESS

Experts may give opinions on those subjects in which they have special skills, knowledge, experience, training or education.  You should consider each expert opinion received in evidence and give it whatever weight you believe it deserves.  Remember, you decide all facts.  If, in reaching an opinion an expert assumed that certain facts were true but you decide that any of those facts were not true, then you are free to disregard the opinion.

Authority:

First Beverages, Inc. v. Royal Crown Cola Co., 612 F2d 1164 (9th Cir 1980); Mt. Hood Stages, Inc. v. Greyhound Corp., 555 F2d 687 (9th Cir 1977); Airweld, Inc. v. Airco, Inc., U.S.D.C. Or. Civ. No. 80 - 356 - RE, 1984-1 Trade Cases ¶ 65,929 19 (1984).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 10

CHARTS AND SUMMARIES

Charts or summaries have been admitted into evidence in connection with the testimony of some of the witnesses in this case.  These charts or summaries were received in order to explain or illustrate facts revealed by the evidence.  The weight you give to the charts or summaries should depend on how accurately they portray or summarize the materials they are supposed to explain or illustrate.  If the charts or summaries do not correctly reflect what the evidence shows, you should disregard them to the extent of such conflict.

Authority:

Pacific Coast Agricultural Export Assn. v. Sunkist Growers, Inc., 526 F2d 1196 (9th Cir. 1975)

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 11

STATEMENTS OF CO-CONSPIRATORS

Whenever it appears from a preponderance of the evidence in the case that a conspiracy or combination existed, and that a certain defendant was one of the members, then, the statements made and the acts done by any person likewise found to be a member may be considered by the jury as evidence in the case as to any defendant found to have been a member, as long as the statements and acts were knowingly made and done during the continuance of such conspiracy and in furtherance of some object or purpose of the conspiracy.

Otherwise, any admission or statement made or act done outside of court by one person may not be considered as evidence in the case against any person who was not present and heard the statement made or saw the act done.

Authority:

Sulmeyer v. Coca Cola Co., 515 F2d 835 (5th Cir 1975)

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 12

The defendant is bound by the acts of its agents. In your determination of whether any person is acting as an agent of the defendant so as to make the defendant responsible for the person's acts, the question of whether the specific acts were actually authorized or subsequently ratified is not controlling. The defendant is responsible for the acts of his agents committed within the scope of their employment or their apparent authority.

Authority:

Labor Management Relations Act, § 303(b), 29 U.S.C. § 187(b); LMRA § 301(b), (e), 29 U.S.C. § 185(b) (e); White Oak Coal Co. v. United Mine Workers, 318 F.2d 591 (6th Cir. 1963), cert. den. 375 U. S. 966.

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 13

FOREPERSON: RETURNING VERDICT

When you retire to the jury room you will select one juror to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.  Forms of verdict have been prepared for your use.  As soon as you have all agreed upon your verdicts, your foreperson will fill out the forms, date and sign them, and you will all return with them to this room.

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 14

CREDIBILITY OF WITNESSES

Now, in saying that you must consider all the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness seem to have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?


Authority:

Eleventh Circuit Pattern Jury Instructions (Civil) No. 3.

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 15

IMPEACHMENT OF WITNESSES INCONSISTENT STATEMENT

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Authority:

Eleventh Circuit Pattern Jury Instructions (Civil) No.4.1.

PLAINTIFF'S REQUESTED INSTRUCTION NO. 16

CONSIDERATION OF THE EVIDENCE

DUTY TO FOLLOW INSTRUCTIONS

CORPORATE PARTY INVOLVED

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals

In a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company. In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls.


Authority:

Eleventh Circuit Pattern Jury Instructions (Civil) No. 2.2.


SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 17

Your verdict must not be based upon guesswork or speculation.

It would be unlawful for you as jurors to enter into an agreement whereby you agree that each juror will estimate the amount of a plaintiff's damages and then, after adding those figures together, divide the total thereof by the number of jurors submitting estimates.

Rather, if your verdict is for any of the plaintiffs, the law requires that the amount of the verdict must represent the conclusion of all of the jurors joining in that verdict. In order to turn a verdict; it is necessary that each juror agree. Your verdict must be unanimous.


Authority:

Shepard v. United States, 160 F. 584, 594, 596 (8th Cir. 1908); Multiflex, Inc. v. Samuel Moore & Company, 709 F. 2d. 980 (5th Cir. 1983) (quotient verdict not a proper basis for recovery in a Sherman Act case but could not search juror's minds after verdict).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 18

ELECTION OF FOREPERSON

EXPLANATION OF VERDICT FORM(S)

When you go to the jury room you should first select one of your members to act as your

foreperson. The foreperson will preside over your deliberations and will speak for you here in

court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous

agreement you will have your foreperson fill in the verdict form, date and sign it, and then return

to the courtroom.

If you should desire to communicate with me at any time, please write down your

message or question and pass the note to the marshal who will bring it to my attention. I will

then respond as promptly as possible, either in writing or by having you returned to the

courtroom so that I can address you orally. I caution you, however, with regard to any message

or question you might send, that you should not tell me your numerical division at that time.


Authority:

Eleventh Circuit Pattern Jury Instructions (Civil) No.8.


SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 19

BURDEN OF PROOF-PREPONDERANCE OF THE EVIDENCE

In civil actions such as these, the burden is on the plaintiff to prove every essential

element of his claim against a particular defendant by a preponderance of the evidence.  If the

proof should fail to establish any essential element of plaintiff's claim against a defendant by a

preponderance of the evidence in the case, the jury should find for defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more

likely so than not so.  In other words, a preponderance of the evidence in the case means that

such evidence has, when considered and compared with that opposed to it, more convincing

force, and produces in your minds the belief that what is sought to be proved is more likely true

that not true.


Authority:

Pacific Coast Agricultural Export Assn. v. Sunkist Growers, Inc., 526 F2d 1196 (9th Cir 1975)

Airweld, Inc. v. Airco, Inc., U.S.D.C. Or. Civ. No. 80 - 356 - RE, 1984-1 Trade Cases ¶ 65,929

19 (1984).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 20

It is an unlawful violation of the National Labor Relations Act for a union to threaten,

coerce or restrain a neutral employer with whom the union does not have a dispute where the

object of the union's conduct is to either: (1) force or require the neutral employer to stop doing

business with another person with whom the union does have a dispute, or (2) to force another

employer to recognize and bargain with a union that has not been certified.

Conduct of this nature is known as a "secondary boycott." Activity of this nature is

referred to as "secondary activity." If you find by a preponderance of the evidence that the

Defendant Union threatened, coerced or restrained one or more neutral companies to stop doing

business with Plaintiffs or to force Plaintiffs to recognize and bargain with the

Union, then you should find in favor of Plaintiffs.


Authority:

29 U.S.C.A. §§ 158 (b) (4) (ii) (B); Kentov v. Sheet Metal Workers' Intern. Assn. Local 15,

AFL-CIO, 418 F.3d 1259, 1264 (11 th Cir. 2005); Service Employee's Local 87 (Trinity

Building Maintenance Co.), 312 NLRB 715, 742-43 (1993), enf'd 103 F.3d 139 (9 th Cir. 1993);

Atlanta Racquetball & Health Club, Inc. v. Building and Const. Trades Council of Lehigh and

Northampton Counties, 525 F.Supp. 156, 160 (D.C.Pa., 1981).

Given Rejected Modified


SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 21

Under the provisions of the National Labor Relations Act relating to secondary boycotts, there is a distinction between the "primary employer" and secondary employer or secondary persons, often called "neutrals." The primary employer is the one directly involved in the dispute.

Plaintiffs are the primary employers.  In this case, any other employer is a secondary employer or neutral. Any person not directly involved in the labor dispute, that is, any person or association or company other than the Plaintiffs and the Union, are secondary employers or neutral employers.

Authority:

BE&K Constr. Co. v. Will & Grundy Counties Bldg. Trades Council, AFL-CIO, 156 F.3d 756, 760 (7 th Cir.1998.).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 22

A union can unlawfully threaten, coerce or restrain a person in many ways, including, but not limited to by picketing or by applying economic retaliation and pressure in the context of a labor dispute.


Authority:

29 U.S.C.A. §§ 158 (b) (4) (ii) (B); <u>Kentov v. Sheet Metal Workers,</u> 418 F.3d 1259, 1264 (11 th Cir. 2005).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 23

When a neutral or secondary employer with whom the union does not have a dispute is

working at the same location as a primary employer with whom the union does have a dispute

the work site is referred to as a "common situs."  This is common in the construction industry.


Authority:

Teamsters Local 126 (Ready Mixed Concrete), 200 NLRB No. 41, 200 NLRB 253, 81 L.R.R.M.

(BNA) 1461, 1973 NLRB Dec. P 24809, 1972 WL 4674 (N.L.R.B.); Linbeck Canst. Corp. v.

NLRB, 550 F.2d 311, 316 (5 th Cir. 1977).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 24

When picketing at a common situs the Union has an obligation to picket in a manner least likely to encourage secondary effects.  Moreover, otherwise lawful picketing can become unlawful if conducted in a coercive or threatening manner.


Authority:

Ramey v. Local Union No. 544, Painters, 472 F.2d 1127, 1131(5th Cir. 1973); Metropolitan Regional Council of Philadelphia and Vicinity v. NLRB, 50 Fed. Appx. 88, 91 (3d Cir. 2002) unpublished.

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 25

Picketing is only one way in which a union can unlawfully threaten, coerce or restrain a neutral or secondary employer. In an effort to balance the interests of secondary employers to be free from union pressure and the interest of the union to pressure a primary employer, certain rules have been developed to determine when picketing at a common situs is lawful.

While the following requirements are not necessarily sufficient for picketing at a common situs to be lawful primary picketing, the failure to satisfy the following requirements is strong evidence that the picketing is unlawful secondary picketing:

(1) the picketing must occur when the primary employer is located on the common site,

(2) the primary employer must be engaged in his normal business at the common site,

(3) the picketing must take place reasonably close to the common site, and

(4) the picketing must clearly disclose that the dispute is only with the primary employer.


Authority:

Sailors' Union of the Pacific (Moore Dry Dock), 92 NLRB 547, 549 (1950); Electrical Workers, Local 861 (Plaunche Electric), 135 NLRB. 250, 255 (1962); Ramey Const. Co., Inc. v. Local U. No. 544, Painters, Etc. 472 F.2d 1127, 1131 (5 th Cir. 1973); Teamsters Local (Ready Mixed Concrete), 200 NLRB No. 41, 200 NLRB 253, 81 L.R.R.M. (BNA) 1461, 1973 NLRB Dec. P 24809, 1972 WL 4674 (N.L.R.B.) .

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 26

Even if you find that the basic requirements for common situs picketing are satisfied, you can still find that the Union engaged in unlawful secondary activity against one or more of the neutral employers if you find under the totality of the circumstances that the Union was deliberately trying to induce any neutral employer to stop doing business with Plaintiffs or to force Plaintiffs to recognize and bargain with a union that has not been certified.

Authority:

Teamsters Local 126 (Ready Mixed Concrete) , 200 NLRB 253, 255 (1972) quoting Local 761, Int'l Union of Elec., Radio and Mach. Workers, AFL-CIO v. NLRB, 366 U.S. 667, 673, 81 S.Ct. 1285, 1289 (1961); Texas Distribs., Inc. v. Looal Union No. 100, United Assn. of Journeymen and Apprentices of Plumbing and Pipefitting Indus. of U.S. and Can., AFL-CIO, 598 F.2d 393, 399 (5th Cir. 1979); Servo Employees Union (Trinity Bldg. Maintenance Co.), 312 NLRB at 744, quoting Iron Workers Local 378 (McDevitt & Street), 298 NLRB 955, 958 (1991).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 27

In evaluating any type of claim of secondary union activity, the totality of the circumstances should be considered. That is, regardless of whether some criteria are met and others are not met, the totality of circumstances should be evaluated to determine whether the picketing or any other activities have a secondary objective, meaning they are directed towards secondary or neutral employers or companies, and thus deemed secondary and unlawful.

Authority:

Teamsters Local 126 (Ready Mix Concrete), 200 NLRB 253, 255 (1972), quoting Local 761, International Union of Elec., Radio & Mach. Workers, AFL-CIO v. NLRB, 366 U.S. 667, 673, 81 S.Ct.1285, 1289 (1961); Texas Distributors, Inc. v. Local Union No. 100, United Assn. of Journeymen & Apprentices of Plumbing and Pipefitting Indus. Of U.S. & Can., AFL-CIO, 598 F.2d 393, 399 (5th Cir. 1979) ; Servo Employees' Union (Trinity Bldg. Maintenance Co.), 312 NLRB at 744, quoting Iron Workers Local 378 (McDevitt & Street), 298 NLRB 955, 958 (1991).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 28

Where union picket signs do not clearly identify who the primary dispute is with, there is a presumption that the  of the picketing was to enmesh neutrals. Whether an employer is sufficiently identified depends on whether the picketing was in any way misleading or ambiguous. If you find that when picketing the Union did not clearly and unambiguously disclose on its picket signs that the Union's dispute was with Plaintiffs, you can find that the Union engaged in unlawful secondary activity.


Authority:

Ramey v. Local Union No. 544, Painters, 472 F.2d 1127, 1133 (5th Cir. 1977); Ironworkers Local 433, 293 NLRB No. 74, 622, enf'd, 930 F.2d 28 (9'h Cir. 1991); Abreen Corp. v. Laborers' Int'l. Union, 709 F.2d 748, 756 (lst Cir.1983); Anderson v. International Broth. of Elec. Workers, Local No. 712, 422 F.Supp. 1379, 1383 (D.C. Pa. 1976); Servo Employees Int'l. Union, 250 NLRB 240,244 (Dalton Schools) (1980).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 29

You may also infer that the Union's motive In its communications and dealings with secondary employers was unlawful if you find that it was reasonably foreseeable that the Union's conduct would have a secondary effect.

Authority:

Lane Crane Servs. v. International Broth. of Elec. Workers, 704 F.2d 550, 553, (11th Cir. 1983);

Carpenters Local No. 33, a/w United Broth. of Carpenters and Joiners of America, AFL-CIO v. NLRB, 873 F.2d 316, 321, (D.C. Cir. 1989).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 30

In determining whether the Union's communications with a secondary employer were threatening, coercive or restraining, you should not consider the language used in isolation; rather, you should consider the specific language used in the context of the surrounding conduct and events.


Authority:

Telephone Man, 327 NLRB 593, 598 (1999); BE&K Constr. Co. v. Will & Grundy Counties Bldg. Trades Council, 156 F.3d 756, 769 (7 th Cir. 1998); Pickens-Bond Constr. Co. v. United Bhd. of Carpenters and Joiners of America, Local 690, 586 F.2d 1234, 1240-41 (8th Cir. 1978); Texas Distribs, Inc. V. Local Union No. 100, 598 F.2d 393, 399 (5th Cir.1979); Abreen Corp. v. Laborers' Int'l Union,, 709 F.2d at 758; Brown & Root, Inc. v. Louisiana State AFL-CIO,10 F.3d 316, 322 (5th Cir. 1994).

PLAINTIFF'S REQUESTED INSTRUCTION NO. 31

Where a union states an intention to picket it must state that the picketing will be

conducted in a manner consistent with legal requirements, including that the picketing will be

limited to those times and places where the Union has the right to picket.

If you find that when the Union in this case told secondary employers that it would be

picketing, and that the Union did not affirmatively state that it would be picketing in a manner

consistent with all legal requirements, including at times and places that it had the right to picket,

you should find that the Union acted with an unlawful intent in violation of the National

Labor Relations Act.


Authority:

Service Employees Union, 312 NLRB 715, 748, enf'd 103 F.3d 139 (9th Cir. 1996); Local 456,

Intern. Broth. of Teamsters, AFL-CIO and Peckham Materials Corp.,307 NLRB 612, 619

(1992). See also Sheet Metal Workers Intern. Assn., Local 15 (Energy Air, Inc.), 178 L.R.R.M.

(BNA) 1393 (2006), enforcement denied by Sheet Metal Workers' Intern. Assn., Local 15, AFL-

CIO, _ F.3d _ (D.C. Cir. 2007).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 31.1

COERCION OF NEUTRAL EMPLOYERS

The intent of Local 7 in undertaking to coerce neutral employers is not based upon the means it uses to apply secondary pressure, but rather it is the intention of Union in coercing neutral parties, not the general rights of the union to take particular action that is examined.


Authority:

Taylor Milk Co. v. Teamsters, 248 F.3d 239, 245 (3d Cir. 2001).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 32

A union statement to a secondary employer that it will cease union activity if the secondary employer stops doing business with the primary employer, or that union activity will continue as long as the secondary employer continues to do business with the primary employer, is unlawful if it is intended to induce the neutral employer to take some action with respect to the primary employer.

No one factor is determinative of whether the Union acted with unlawful secondary intent when telling a neutral employer that picketing would cease if the neutral employer ended its relationship with the primary employer. There are I however, several factors that should be considered, including: (1) whether the neutral employer or the Union initiated the conversation in which the remark was made; (2) whether the neutral employer involved understood the Union's statement to be a request for the neutral's assistance; (3) the nature of the relationship between the neutral employer and the Union; (4) the effect, if any, of the Union activity; and (5) the conduct of the neutral employer and the Union after and as a result of the conversation.

Authority:


International Brotherhood of Electrical Workers Local 453 (Southern Sun Electric) , 237 NLRB 829, 830-831, 99 L.R.R.M. (BNA) 1076 (1978) 1978 WL 7881, aff'd 620 F.2d. 170 (8 th Cir. 1980); Sheet Metal Workers Intern. Assn., Local Union No. 223, AFL-CIO v. Atlas Sheet Metal Co. of Jacksonville, 384 F.2d 101, 108 -109 (5'" Cir. 1967); Service Employees Union, 312 NLRB 715, 748, enf'd 103F.3d 139 (9th Cir. 1996); Teamsters Local 150 (E.J. Dougherty Oil & Stone Supply, Inc.), 269 NLRB 170 (1984); Pickens-Bond Construction Co. v. United

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

Brotherhood of Carpenters Local 690, 586 F.2d 1234 (8th Cir.1978); R.L. Coolsaet Constr. Co.

v. Local I50, Operating Engineers, 177 F.3d 648, 656-657 (7 th Cir. 1999).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 34

A union is permitted to engage in area standards picketing to prevent the unorganized employer from gaining a competitive edge over the organized employer through lower costs of employment. This permits a union to picket for equal wages or an equivalent cost package, but when a union goes beyond this and attempts to dictate what benefits an employer must give its employees, it is attempting to engage bargaining to gain benefits for employees which it does not represent. This is unlawful under the National Labor Relations Act.

If you find that the Union in this case was not merely trying to cause Plaintiffs to pay its employees an amount equal to that paid by employers with Union contracts or to assure that Plaintiffs labor costs were equivalent to those of employers with Union contracts, then you should find that the Union engaged in unlawful recognitional picketing in violation of the National Labor Relations Act.

Authority:

Morio v. Local 456, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 1977 WL 1753 *2 (S.D.N.Y.), 96 L.R.R.M. (BNA) 2528, 82 Lab.Cas. P 10,279; Retail Clerks Int'l Assoc., Local Union No. 899, 1967 CCH NLRB ~ 21,663 166 NLRB 818 (1967); Local Union No. 492, United Brotherhood of Carpenters & Joiners, 1974-75 CCH NLRB ~ 15,263 215 NLRB 263, 267 (1974) .

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 35

With respect to the Plaintiffs' first claim, if you find that the Defendants' threatened or coerced third parties to cause them to cease doing business with Plaintiffs, then the explanation that an "area standards" dispute existed is not relevant to this claim. Proof of an "area standards" motive is not a defense to this first claim as the claim is met once threats and coercion to "cease doing business" is proven.

With respect to the plaintiffs' second claim that Defendants' coerced third parties to cause Plaintiffs to recognize the union and enter a collective bargaining agreement, the presence or absence of an exclusive "area standards" motive is relevant to the defense.

Authority:

<u>Warshawsky & Company v. N.L.R.B.</u>, 182 F.3d 948 (D.C. Cir. 1999); <u>Plumbers and Pipe Fitters Local Union No. 32, United Assn. of Journeymen and Apprentices of Plumbing and Pipe Fitting Industry of U.S.</u> 315 NLRB 786 (1994) .

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 36

That the defendant union was not entitled to use the weapon of a secondary boycott or to

use any other illegal secondary activity in retaliation for any conduct by the plaintiffs, including

any conduct by plaintiffs that might be deemed or alleged to be unfair. In weighing your verdict

in this case, you are not to be concerned with the merits of the primary dispute between the

plaintiffs and the defendant union. The merits of that dispute are not before you for decision.


Authority:

Warshawsky & Company v. N.L.R.B., 182 F.3d 948 (D.C. Cir. 1999); Plumbers and Pipefitters

Local Union No. 32, 315 NLRB 786, 789 (1994).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 37

In determining whether a union's conduct towards third parties threatens, restrains, or coerces, you are entitled to evaluate those statements or that conduct, in light of the union's contention that its activities are protected free speech under the United States Constitution. In making such a determination, you must evaluate whether the union's speech or conduct threatens or coerces a third party, as opposed to a speech or conduct by the union that does not threaten or coerce a third party. Threatening or coercing statements or conduct are not deemed protected by the Constitution. In determining whether the union's speech or conduct threatens or coerces a third party, you must examine the totality of circumstances in making such a conclusion.

Authority:

National Labor Relations Act, § 8 (b) (4) (I) (ii) (E), 29 U.S.C. § 158(b)(4)(ii)(B); Labor Management Relations Act, Section 303; Metropolitan Regional Council of Philadelphia & Vicinity v. NLRB, 50 Fed. Appx. 88, 91 2002) (unpublished) (otherwise lawful picketing can become unlawful if conducted in a coercive or threatening manner) .

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 38

If you find by a preponderance of the evidence that the Union acted with an unlawful secondary intent or object with respect to Plaintiffs, it is not necessary that the evidence establish that the only object or purpose of the Defendant Union with respect to one or more of the secondary employers was to require or force any of those neutral secondary employers to cease doing business with Plaintiffs. A labor organization may have many different reasons for communicating or dealing with the employees of a business concern. All of these reasons may, in varying degrees, prompt the conduct of the Union with respect to the employees of the neutral secondary employers. It is sufficient if even one of the objects or purposes of the Defendant Union in any communication or dealing with one or more of the neutral secondary employers, was to require or force the neutral secondary employer to cease doing business with Plaintiffs.

Accordingly, if you should find, by a preponderance of the evidence in the case, that one of the objectives of the Defendant Union's conduct, in any communication or dealing with the employees of one or more of the neutral secondary employers, including, but not limited to, C & I Steel, FAMM, Inc., Capone Iron Works; was to require or force one or more neutral secondary employers to cease doing business with Plaintiffs, and if you should further find that such conduct of Union was a proximate cause of some injury and consequent damage to the business and property of Plaintiffs, then Plaintiffs are entitled to recover from Defendant Union the amount of any actual damage sustained by Plaintiffs.


Authority:

O'Malley, Grenig & Lee, Federal Jury Practice And Instructions, 3A Fed, Jury Prac. & Instruc. § 157.21 (5 th ed.); NLRB v. Denver Bldg. & Const. Trades Council, 341 U.S. 675, 689, 71 S.Ct.


SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

943, 952, 95 L.Ed. 1284 (1951); NLRB v. Enterprise Assn. of Pipefitters, 429 U.S. 507, 529-31,

97 S.Ct. 891, 904-05, 51 L.Ed.2d 1 (1977); Local 25, Teamsters v. NLRB, 831 F.2d 1149, 1153

(1st Cir.1987); Mautz & Oren, Inc. v. Teamsters Local 279, 882 F.2d 1117, 1121 (7th Cir.1989);

NLRB v. Omaha Bldg. & Canst. Trades Council, 856 F.2d 47, 51 (8th Cir.1988); Carpenters

Dist. Council of So. Colorado v. NLRB, 560 F.2d 1015, 1019 (10th Cir.1977).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 39

Among the secondary employers or companies or neutrals in the present case are Capone

Iron, C & J Steel, Canatel, Cives Steel Company, Clayco Construction, Famm Steel, Jay Steel, M

& S Steel, Mandate Erectors & Welding, Ltd., Metro West Steel, Ocean Steel, Pizzagalli

Construction Company, Supermetal.

If you find that the union coerced or restrained these neutral third parties and you find

that an object of defendant was to force these third parties not to do business with the plaintiffs,

or to force Plaintiffs to recognize the union or to sign a union contract, then you should find the

conduct of the union was unlawful under the secondary boycott statute, and that the plaintiff is

entitled to its damages resulting from such conduct.

Authority:

29 U.S.C.A. §§ 158 (b) (4) (ii) (B); Kentov v. Sheet Metal Workers' Intern. Assn. Local 15,

AFL-CIO, 418 F.3d 1259, 1264 (11th Cir. 2005); Service Employees's Local 87 (Trinity

Building Maintenance Co.), 312 NLRB 715, 742-43 (1993), enf'd 103 F.3d 139 (9 th Cir. 1993);

Allentown Racquetball & Health Club, Inc. v. Building and Canst. Trades Council of

Lehigh and Northampton Counties, 525 F.Supp. 156, 160 (D.C.Pa. 1981).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 40

Under the provisions of the National Labor Relations Act relating to secondary boycotts, there is a distinction between the "primary employer" and secondary employer or secondary persons, often called "neutrals." The primary employer is the one directly involved in the dispute.

Plaintiffs are the primary employers. In this case, any other employer is a secondary employer or neutral. Any person not directly involved in the labor dispute, that is, any person or association or company other than the Plaintiffs and the Union, are secondary employers or neutral employers.

Authority:

BE&K Constr. Co. v. Will & Grundy Counties Bldg. Trades Council, AFL-CIO, 156 F.3d 756, 760 (7 th Cir.1998.).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 41

In order to violate the secondary boycott statute, it is not necessary for the union to try to cause a complete cessation of business between the parties, such as between plaintiffs and C & I Steel, etc.  If the defendant union committed coercive conduct towards these third parties, or made threats of such coercive conduct, or one of the forbidden objectives outlined herein, then you must find that the defendant was acting with the unlawful objective to cease doing business with plaintiff within the meaning of the statute, even if the union was only trying to cause a partial cessation of business.

Plaintiffs are then entitled to recover their damages caused by such coercive statements or conduct of the defendant.

Authority:

NLRB v. Local 825 Operating Engineers, 400 U.S. 297 (1971).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 42

MOTIVE

It is not necessary that Local 7's sole object be to focused on the neutral employer if one

of the Union's objectives was to influence the secondary employer to bring pressure to bear on

one a primary employer.  Whether the Union was motivated by a secondary object is to be

determined by the totality of the union's conduct under the circumstances.


Authority:

F.A. Wilhelm Constr. V. Kentucky Coun. Of Carpenters, 293 F.3d 935, 940 (6th Cir. 2002).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 43

ILLEGAL OBJECT

A union is prohibited from making unlawful threats or engaging in coercive conduct

where the object or purpose is to enmesh a neutral or secondary employer in the union's dispute

with the primary employer.   However, union conduct that has substantial and foreseeable effects

on the neutral or secondary employer does not violate the law unless the employer establishes

that the union intended to cause a disruption of the neutral employer's business.


Authority:

BE&K Constr. Co. V. Will & Grundy Counties Bldg. Trades Council, 156 F.3d 756, 766 (7th Cir.

1998).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 44

If you find by a preponderance of the evidence that the defendant union threatened,

coerced, or restrained a neutral third party to stop doing business with Plaintiffs, or to force

Plaintiffs to recognize and bargain with the union, then you should find in favor of Plaintiffs.


Authority:

29 U.S.C. §§ 158(b) (4) (ii) (B); Kentov s. Sheet Metal Workers' Intern. Assn. Local 15,

AFL-CIO, 418 F.3d 1259, 1264 (11th Cir. 2005); Servo Employees, Local 87 (Trinity Building

Maintenance Co.), 312 NLRB 715-742-43 (1993), enf'd 103 F.3d 139 (9th Cir. 1993); Allentown

Racquetball & Health Club, Inc. v. Building & Canst. Trades Council of Lehigh & Northampton

Counties, 525 F.Supp. 156, 160 (D. Pa. 1981).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 45

Where a labor union violates the secondary boycott statute, any person or company

injured in its business, including a primary employer such as Plaintiffs, may sue and recover its

damages as a result of the Union's unlawful activity.


Authority:

29 U.S.C. § 158.

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 46

NO WRITTEN CONTRACT


There is no requirement that the restraints, threats or coercion Local 7 directed against neutral employers be actually to obtain a signed or written contract not to do business with the Plaintiffs.   The law prohibits any agreement, express or implied that would cause any single neutral employer to cease doing business with the Plaintiffs.


Authority:

American Steel Erectors v. Local Union No. 7, Iron Workers, 536 F.3d 68, 83-84 (1st Cir. 2008).


SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 47

It is now my duty to instruct you as to possible damages for plaintiff's claims.  The fact that I am instructing you with respect to damages is not to be taken by you as an indication that I believe or not believe that any of plaintiffs are entitled to recover damages.  Such instructions are given to you solely to guide you in arriving at the amount of your verdict only in the event you find from the preponderance of the evidence and my instructions that one or more of the plaintiffs is entitled to recover.  If from the evidence and the instructions you find that plaintiffs are not entitled to recover, then of course you are to disregard entirely the instructions that I will give you concerning damages.


Authority:

Richfield Oil Corporation v. Karseal Corporation, 271 F. 2d. 709, 715-17, n.4 (9th Cir. 1959), cert. den., 361 U.S. 961 (1960) (instruction is "fair and accurate").


SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 48

DAMAGES

If you find that the Union has engaged in any unlawful secondary activity, and that

Plaintiffs American Steel Erectors, Inc., American Aerial Services, Inc.,  Ajax Construction,

Inc., Bedford Ironworks, Inc., and/or D.F.M. Industries, Inc, have been injured in their business

as result of the Union's unlawful secondary activity, you shall determine the amount of damages

to which Plaintiffs are is entitled.  If the amount of damages cannot be fixed with certainty, you

should consider all the facts and circumstances having or tending to show damages in their

probable amount, and should then make the most intelligent and probable estimate which the

evidence justifies.

In order to recover, it is not necessary that the plaintiffs fix the amount of any damages

with certainty.


Authority:

29 U.S.C. § 158; Story Parchment Co. v. Paterson Parchment Paper, Co., 282 U.S. 555,563,51

S.Ct. 248 (1931); Bigelow v. RKO Radio Pictures, Inc., 327 U.S. 251, 266, 66 S.Ct. 574, 580, 90

L.Ed. 652 (1946); American Bridge Division v. Int'l. Union of Operating Engineers, 772 F.2d

1547 (11th Cir. 1985); Vulcan Materials Company v. United Steelworkers, 430 F.2d 446, 457

(5th Cir.1970), cert. denied, 401 U.S. 963 (1971); Sheet Metal Workers Int'l Assn., Local Union

No. 223, AFL-CIO v. Atlas Sheet Metal. Co. of Jacksonville, 384 F.2d 101 (5th Cir. 1967);

O'Malley, Grenig & Lee, Federal, Jury Practice and Instructions, 3A Fed, Jury Pre. & Instruc. §

157.21 (5th ed.); NLRB v. Denver Bldg. & Const. Trades Council, 341 U.S. 675, 689 (1951);

NLRB v. Enterprise Assn. of Pipefitters, 429 U.S. 507, 529-31 (1977).


SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 49

UNCERTAINTY AS TO AMOUNT

If you find that plaintiff has in fact suffered damages to their business or property, such as loss of profits, proximately caused by illegal conduct of the defendants, then the circumstance that the precise amount of a plaintiff's damage may be difficult to ascertain should not preclude his recovery.  However, any damages awarded must be reasonable damages, ascertainable from the evidence presented in the case.  Only damages which are susceptible of expression in figures, and not damages which are purely speculative, remote, uncertain, conjectural, or founded on estimates of witnesses not based on facts or data shown by the evidence, are recoverable as compensatory damages.

The uncertainty, which precludes recovery of particular alleged damages, is uncertainty as to whether any damages exist or whether they are the result of a wrong, rather than mere uncertainty as to the exact amount.  The fact that the amount of damages cannot be calculated with absolute exactness does not make them so uncertain as to bar recovery, particularly if wrongdoing of the defendants has caused difficulty in determining the precise amount.  It is sufficient if you find that an injury in fact occurred, that it was materially caused by the alleged wrongful act of defendants and that a reasonable basis is shown by the evidence for the computation, although the result is only approximate.


Authority:

Airweld, Inc. v. Airco, Inc., USDC Or Civ No. 80-356-RE, 1984-1 Trade Cases ¶ 65,929 (1984); Blue Diamond Coal Co. v. UMW, 36 F.2d 551, 560-61 (6th Cir. 1970), cert. denied, 402 U.S. 930 (1971); Sheet Metal Workers, Local 233 v. Atlas Sheet Metal Co., 384 F.2d 101, 109 (9th Cir.

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

1967); <u>Anderson v. IBEW, Local No. 712</u>, 422 F. Supp. 1379, 1384 (W.D.Pa. 1976); <u>Flame Coal Co. v. UMW</u>, 303 F.2d 39; 44 (6th Cir.), <u>cert. denied</u>, 371 U.S. 891 (1963).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 50

LOST PROFITS

If you find that Plaintiffs have suffered damages because of the Union's unlawful activity in violation of the secondary boycott provisions, then one item of damage that they would be entitled to recover, and which you would be authorized to award, is any anticipated profit either company lost as a result of the Union's unlawful activity. In making this determination, you should distinguish between damages, including lost anticipated profits, caused by unlawful secondary boycott activities and damages caused by any Union activity not related to a violation of the secondary boycott statute.

If you find that the Plaintiffs are entitled to a verdict, the law provides that Plaintiff is to be fairly compensated for all damages, to them in their business and property, which were proximately caused by the Defendant's unlawful conduct. In arriving at the amount of the damages award  you should include any damages suffered by Plaintiff because of lost profits; that is to say, profits which the Plaintiffs would nave earned, but for the unlawful conduct of the Defendants. In making this determination you may consider how much Plaintiffs would have earned but for the Defendant's illegal conduct and what would have been its profit on the project.  Both the expected contract amount and the profit which would have been earned may be computed using periods when the Defendant did not prevent Plaintiffs' projects.

Authority:

United Brick & Clay Workers v. Deen Artware, Inc., 198 F.2d 637 (6 th Cir. 1952), cert. den. 344 U.S. 897, reh'g denied. 344 U.S. 919; Abbott v. United Assn. of Journeymen and

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

Apprentices, etc., 429 F.2d 786 (5th Cir. 1970); Riverside Coal Co. v. United Mine Workers,

410 F.2d 267 (6th Cir. 1969); Devitt & Blackmar, supra at § 95.09.

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED JURY INSTRUCTION NO. 51

FUTURE PROFITS -- DETERMINATION

In considering the element of future profits in determining what damages, if any, were sustained by plaintiff, you are instructed that if because of a violation of the antitrust laws the plaintiff was unable to earn net profits which would have accrued to it but for a violation of the antitrust laws, then plaintiff was in fact damaged.  Future profits mean net profits and are determined by subtracting the costs and expenses of a business from its gross revenue.


Authority:

3 E. Devitt & C. Blackmar, <u>Federal Jury Practice and Instructions</u>, § 90.37 (3d ed 1977);

<u>See</u> <u>Mt. Hood Stages, Inc. v. Greyhound Corp.</u>, 555 F2d 687 (9th Cir 1977)

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 52

LOST MAN-HOURS

If you find the Defendants liable, the Plaintiffs are also entitled to money damages for lost

man-hours. This allows the Plaintiff to recover overtime pay for employees to catch up on

delayed wack and the portion of the salaries of employees who we're paid but rendered

non-productive as a result of the Defendants illegal conduct.


Authority:

Sheet Metal Workers, Local 233 v. Atlas Sheet Metal Co., 384 F ..2d 101, 110 (5th Cir. 1967).


SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 53

If you find that the Union engaged in both lawful and unlawful actions which together caused Plaintiffs to suffer damages and that the amount of damages caused by the unlawful activity cannot be separated from the damages caused by the lawful activity, you may award Plaintiffs the total damages you find Plaintiffs suffered so long as you find that the unlawful object "materially contributed" or was a "substantial factor" in causing the loss.

Authority:

Mead v. Retail Clerks Intern. Assn., Local Union No. 839, AFL-CIO, 523 F.2d 1371 (9 th Cir. 1975); Intercity Maintenance Co. v. Local 254, SEIU, 241 F.3d 82, 88 n. 3 (1st Cir. 2001); Feather v. United Mine Workers of America, 903 F.2d 961, 965-966 (3d Cir. 1990).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 54

The Union contends that Plaintiffs failed to mitigate their damages. A plaintiff in a secondary boycott case has a duty to minimize damages, if it is reasonably possible to do so. However this duty is limited. Plaintiffs were was not required to take extraordinary risks or take every possible step to minimize its damages. Plaintiffs were was not required to accept the Union's demands or to take steps they believed were not appropriate.

Authority:

Vulcan Materials v. United Steelworkers of America, 430 F.2d 446 (5th Cir . 1970); Teamsters, Chauffeurs, Warehousemen and Helpers of America, 520 F.2d 951, 969-970, 89 L.R.R.M. (BNA) 3177 (3rd Cir. 1975); Allied International v. International Longshoremen's Association, 814 F.2d 32, 38-40 (lst Cir. 1987).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 55

The Union has the burden of proving that Plaintiffs failed to meet their responsibility to minimize its damages by a "preponderance of the evidence."


Authority:

Allied International v. International Longshoremen's Association, 814 F.2d at 38-39; Lewis v. Musician's Union, 1993 WL *356903 (N.D. Cal. 1993).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 56

PREJUDGMENT INTEREST

The Plaintiff is entitled to recover prejudgment interest over and above all the other damages to which it is entitled.  Prejudgment interest is interest on the amount of the judgment computed from the djate of the Defendants wrongdoing until the date of the judgment.  If you find that the damages to the Plaintiff could reasonably be determined at the time you reach your decision, you may award prejudgment interest.  You are to decide how much interest is to be awarded and at what rate is to be determined by the evidence including expert testimony.

Authority:

R.L. Coolsaet Constr. Co. v. Operating Engrs., Local 150, 177 F.3d 648, 661 (7th Cir.), cert. denied 528 U.S. 1004 (1999); Lodges 743 and 1746 v.. United Aircraft, 534 F. 2d 422, 446 (2d Cir. 1975).

SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

PLAINTIFF'S REQUESTED INSTRUCTION NO. 57

DUTY TO DELIBERATE

WHEN ONLY THE PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case. Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.


Authority:

Eleventh Circuit Pattern Jury Instructions (Civil) No.7.1.


SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, VA 22151
(703) 321-9181

## **CERTIFICATE**

The undersigned counsel for Plaintiffs hereby certifies that he has conferred with and has attempted in good faith to resolve or narrow the areas of disagreement to the greatest extent possible with Defendant's counsel.

/s/ Michael E. Avakian
Michael E. Avakian, *pro hac vice*
SMETANA & AVAKIAN
5211 Port Royal Road, Suite 610
Springfield, Virginia 22151

## CERTIFICATE OF SERVICE

I hereby certify that a copy of PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME was served on the following counsel of record for Defendant Local 7 utilizing the Court's ECF filing system:

Paul F. Kelly, Esq.
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA 02109


/s/ Michael E. Avakian
Michael E. Avakian