UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                                    |   |                           |
|----------------------------------------------------|---|---------------------------|
| AMERICAN STEEL ERECTORS, INC., et al.              | ) |                           |
|                                                    | ) |                           |
| Plaintiffs,                                        | ) |                           |
|                                                    | ) |                           |
| v.                                                 | ) |                           |
|                                                    | ) |                           |
| LOCAL UNION NO. 7, INTERNATIONAL                   | ) |                           |
| ASSOCIATION OF BRIDGE,                             | ) | Case No. 1:04-cv-12536-RGS |
| STRUCTURAL, ORNAMENTAL &                           | ) |                           |
| REINFORCING IRON WORKERS,                          | ) |                           |
|                                                    | ) |                           |
| Defendant.                                         | ) |                           |

**DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT AS A MATTER OF LAW AS TO THE CLAIMS OF PLAINTIFF AJAX CONSTRUCTION CO. UNDER THE LABOR MANAGEMENT RELATIONS ACT**

Defendant Local Union No. 7, International Association of Bridge, Structural, Ornamental & Reinforcing Iron Workers ("Union" or "Local 7") moves for entry of judgment as a matter of law on the claims of Plaintiff Ajax Construction Co. ("Ajax") that Local 7 violated the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 158, et. seq. As to Plaintiff Ajax Construction Co. ("Ajax"), a reasonable jury would not have a legally sufficient basis to find for Ajax for three independent reasons. First, there is no legally sufficient evidence of any threats, restraint or coercion of any neutral. Second, there is no legally sufficient evidence that the object of Local 7's conduct was to enter into an § 8(e) agreement with any such neutral whereby the neutral would agree to cease doing business with Ajax. Third, there is no legally sufficient evidence that any such neutral in fact entered into a § 8(e) agreement with Local 7 that could be the proximate cause of any damages purportedly suffered by Ajax.

This motion is supported by the accompanying memorandum, the memorandum submitted in support of Local 7's motion for entry of judgment as a matter of law as to Plaintiffs American Steel Erectors, Inc. ("ASE"), American Aerial Services, Inc. ("Aerial"), and Bedford Ironworks, Inc. ("Bedford"), the pleadings on file and the record at trial.

>Respectfully submitted,
>
>IRON WORKERS, LOCAL 7
>
>By its attorneys,
>
>/s/ Indira Talwani_____
>Paul F. Kelly, Esq. (BBO #267000)
>Indira Talwani, Esq. (BBO # 645577)
>SEGAL ROITMAN, LLP
>111 Devonshire Street, Fifth Floor
>Boston, MA 02109
>(617) 742-0208 Ext. 228
>italwani@segalroitman.com

Dated: August 31, 2009

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on August 31, 2009, and that said document was also served on Plaintiffs' counsel, Michael Avakian, by hand on August 31, 2009.

                                                  /s/ Indira Talwani