UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.  04-12536-RGS

AMERICAN STEEL ERECTORS, INC., ET AL.

v.

LOCAL UNION NO. 7, INTERNATIONAL ASSOCIATION
OF BRIDGE, STRUCTURAL, ORNAMENTAL &
REINFORCING IRON WORKERS

MEMORANDUM AND ORDER ON REMITTITUR
OR A NEW TRIAL ON DAMAGES

October 8, 2010

STEARNS, D.J.

In denying defendant Local 7's motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(b), and in deferring Local 7's motion in the alternative for a new trial, the court sua sponte raised the issue of whether the jury's compensatory damages awards of $78,757.60 to plaintiff D.F.M. Industries and $211,956.00 to plaintiff Ajax Construction Co. were sufficiently supported (in magnitude not kind) by the evidence.  Having studied the parties' subsequent submissions, the court will defer to the jury's decision and deny the motion for a new trial.[1]  In so doing, the court is sensitive to the settled rule that a jury's determination of damages will only be overturned if manifestly excessive.  See Perez-Perez v. Popular Leasing Rental, Inc., 993 F.2d 281, 283 (1st Cir. 1993).  The court's concern, as expressed in footnote 7 of its December 7, 2009 Memorandum and Order, was

---

[1] Given the First Circuit's substantive differentiation between the issues tried before the jury (the unfair labor practices claims) and the antitrust claims, see American Steel Erectors v. Local Union No.7, 536 F.3d 68 (1st Cir. 2008), the court will entertain a motion for entry of separate and final judgment  See Fed. R. Civ. P. 54(b); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 580 (1st Cir. 1994).

not over any excessiveness of the award (as the Memorandum made clear), but on whether the record evidence ruled out a real possibility that the jury had included a punitive component in its calculation of the total damages.[2] I am satisfied that plaintiffs have adequately addressed that concern in their memorandum.

## ORDER

For the foregoing reason, and for the reasons stated in the December 7, 2009 Memorandum and Order, the motion for a new trial is DENIED. Plaintiff will within twenty-one (21) days of the date of this Order submit a proposed form of judgment. The parties will within thirty (30) days of the date of this Order submit a joint proposed schedule governing the litigation of the outstanding antitrust issues, should plaintiffs elect to continue with the litigation.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[2] The court's instructions to the jury made clear that a punitive damages award was not permitted by law.